Jose Luis ARENAS, Individually, and as President of the McAllen Police Officer's Association, Relator,

v.

The BOARD OF COMMISSIONERS OF the CITY OF McALLEN, Texas, et al. Respondents.

No. 13–92–486–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 19, 1992.

Rehearing Overruled Dec. 10, 1992.

Roberto M. Garcia, Garcia, Lopez & Rodriguez, Edinburg, for relator.

Neil E. Norquest, James E. Darling, City Atty., McAllen, for respondents.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Relator, Joe Luis Arenas, individually and as president of the McAllen Police Officers' Association, seeks a writ of mandamus to order respondents, the City of McAllen, the Board of Commissioners of the City of McAllen, the individual members of the Board of Commissioners, Mayor Othal Brand, Mayor Pro–Tem Leo Montalvo and City Secretary Leticia Vacek to comply with Tex.Loc.Gov't Code Ann. § 141.034 (Vernon 1986) by calling an election to determine whether or not the minimum salaries of the members of the McAllen Police Department should be increased as petitioned. We conditionally grant the writ.

The record shows that on June 2, 1992, relator filed a document with the City Secretary of McAllen entitled "Petition of Qualified Voters to Increase Minimum Salaries of the Police Department." The petition included an exhibit describing the proposed minimum salary for each rank and pay grade of classification. It further stated the effective date of the proposed increase and designated five qualified voters to act as a committee authorized to negotiate with the governing body of the City of McAllen.

On June 22, 1992, the City Commissioners met and, on the advice of the City attorney, rejected the petition because the petition went beyond the statutory requirements of proposing minimum salaries for existing police officers and attempted to provide minimum salaries for non-existent classifications of police officers. The City further informed relators that it would not consider the petition because it was legally insufficient as presented.

It is undisputed that the City Secretary reviewed and verified the petition and determined that the requisite number of qualified voters' signatures appeared on the petition.

We first address respondents' argument that relator has not properly invoked the jurisdiction of the court. A Court of Appeals has jurisdiction to issue Writs of Mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention. *Tex.Elec.Code Ann.* § 273.061 (*Vernon* 1986). Respondents contend that we have no jurisdiction under § 273.061 because in this case the section of the Local Government Code[1] that relators have invoked gives the municipality three options; namely, adopt the proposed minimum salary requested by the petition, propose an alternative, or call an election.

■ The record shows that the respondents have patently refused the first two

---

1. Local Gov't Code § 141.034 provides that a municipality shall have three options when presented with a petition: (1) the adoption of the proposed minimum salary requested in the petition; (2) the proposal of an alternative minimum salary under subsection (g) of the statute; or (3) the calling of an election on the proposed minimum salary requested in the petition.

options. We agree with the relators that the only option left the respondents is to call the election if indeed the petition conforms with the statute. We find that because at this point the respondents have no option except to call an election, we have the authority to issue the Writ of Mandamus if the petition is authorized by the statute.

Relator's primary argument for relief is that § 141.034 of the Local Government Code mandates that respondents shall choose one of the three alternatives. Relator claims that upon the filing of the petition with sufficient valid signatures, the respondents duty to comply with the statute was mandatory. Respondents, on the other hand, argue that they perform a judicial rather than a ministerial function in reviewing the legal sufficiency of a petition. It is their position that it was properly their decision to determine if relators complied with § 141.034. Respondents claim they reviewed the petition, found it defective, and determined its invalidity. They additionally argue that the conditions preceding their duty to perform a ministerial act never arose.

Respondents argue that the petition provides for minimum salary increases for each of six personnel classifications in addition to what appears to be longevity pay for three of the six personnel classifications. They urge that longevity pay is not contemplated by § 141.034, which provides only for the minimum salary increases.[2] They also claim that the petition does not include all classifications because the chief of police is not listed as a position in the petition. They claim that § 141.034 only authorizes increases in minimum salaries for all classifications.

■ We make no determination as to relator's contention that respondents have strictly a ministerial function in calling an election[3] regardless of the petition's content because given the facts of this case, respondents' only choice after refusing the first two options was to call the election. We believe that the petition is sufficiently proper to require some action by respondents. It is clear that the Legislature employed the term "minimum salary" in specifying the kind of pay for which increases could be petitioned. The petition submitted to the people did petition for an increase in minimum salaries. The fact that it may also have petitioned for other than minimum increases does not give respondents the right to ignore it. The power of initiative and referendum is the exercise by the people of a power reserved to them, and not the exercise of a right granted. *Coalson v. City Council of Victoria*, 610 S.W.2d 744 (Tex.1980). We agree that in this case the petition may well request more than a "proposed minimum salary". However, we do not agree that this means that the respondents may totally ignore the petition. Were we to hold otherwise, we would be placing the official's duty to examine the petition for minute defects ahead of the right for the public to decide the issue. We express no opinion concerning whether the wording of the statute would bind respondents only to the proposed minimum base salary should the voters act favorably on the petition. However, we do not agree this gives the respondents free reign to discount the petition of the people. Respondents are not given unbridled discretion to do nothing in the face of a petition properly filed.

We conditionally grant the writ and request respondents to comply with the statute by ordering an election. The writ will issue only if they refuse to comply.

---

**2.** Loc.Gov't Code Ann. § 143.041(c) (Vernon Supp.1992) provides that, in addition to base salary, each fire fighter or police officer is entitled to longevity or seniority pay, educational incentive pay, assignment pay, certification pay, and shift differential pay.

**3.** There is support for relator's contention that respondents duty is ministerial. *See Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991); *Duffy v. Branch* 828 S.W.2d 211 (Tex. App.—Dallas 1992, orig. proceeding); *Burns v. Kelly*, 658 S.W.2d 731 (Tex.App.—Fort Worth 1983, orig. proceeding). *But see: City of El Paso v. Tuck* 282 S.W.2d 764, 766 (Tex.Civ.App.—El Paso 1955, *cert. denied* 352 U.S. 828, 77 S.Ct. 43, 1 L.Ed.2d 50 (1956).