**In re John BAILEY.**

**No. 10–98–293–CV.**

Court of Appeals of Texas,
Waco.

Sept. 15, 1998.

R. John Cullar, Mills, Millar, Matkin & Cullar, Waco, for Relator.

James P. Allison, Allison, Bass & Associates, L.L.P., Austin, for Respondent.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

John Bailey and other members of the Navarro County Sheriff's Department seek a writ of mandamus to order the Navarro County Commissioners Court to place a salary-increase proposal on the November 3, 1998, election ballot as petitioned by 4,091 qualified voters under Local Government Code section 152.072. *See* Tex. Loc. Gov't.Code Ann. § 152.072 (Vernon 1988 & Supp.1998). We will deny relief.

## LOCAL GOVERNMENT CODE SECTION 152.072

Section 152.072 of the Local Government Code provides that "the qualified voters of a county with a population of more than 25,000 may petition the Commissioners Court of the county to increase the minimum salary of each member of the sheriff's department." *Id.* § 152.072(a). Such a petition must:

(1) state the amount of the proposed minimum salary for each rank, pay grade, or classification;

(2) state the effective date of the proposed salary increase;

(3) designate five qualified voters to act as a committee of petitioners authorized to negotiate with the commissioners court under Subsection (g);

(4) be signed by a number of qualified voters equal to at least 25 percent of the number of voters who voted in the most recent countywide election for county officers.

*Id.* § 152.072(b).

Once such a petition is filed, the statute gives the Commissioners Court three options. It may: 1) adopt the proposal as stated in the petition, 2) offer an alternative proposal, or 3) call an election on the proposal. *Id.* § 152.072(c). If it chooses to offer an alternative and the alternative is accepted by the committee of petitioners, no election is necessary. *Id.* § 152.072(g).

## FACTS

On May 11, 1998, a petition containing 4,091 signatures was submitted to the Com-missioners Court. It is undisputed that this petition contains signatures from qualified voters equal to at least twenty-five percent of the number of voters who voted in the most recent county-wide election for county officers. On June 5, the Commissioners Court voted to offer an alternative salary proposal as contemplated in section 152.072(c). The committee of petitioners rejected the alternative proposal. On September 2, the Commissioners Court voted to place only a portion of the proposed salary plan on the ballot for the November 3 election. Bailey seeks to have the proposed plan placed on the ballot in its entirety.

## THE PROPOSAL

The petition's proposed minimum salary plan contains two sub-parts. The first sets a minimum salary for each member of the Navarro Sheriff's Department. The Commissioners Court has agreed to submit this portion of the proposal to the voters in the November 3 election. The portion to which the Commissioners Court objects and therefore refuses to place on the ballot seeks, in addition to the fixed salary proposed, to mandate that each member of the Sheriff's Department receive "seniority pay" based on a specified "step plan." The Commissioners Court argues that the petition attempts to create a classification plan (*i.e.* step increases and longevity pay) where no such plan exists and, as such, is not contemplated by section 152.072's provisions providing for "minimum salaries" and an "effective date." Bailey, arguing that the Commissioners Court's duty is purely ministerial, urges that the Commissioners Court has no discretion but to put the proposed minimum salary plan on the ballot, regardless of whether it believes the proposal to be outside the bounds of section 152.072.

## LONGEVITY PAY

The portion of the proposal at issue attempts to set longevity pay, which is not an existing method of compensation within the Sheriff's Department. The only issue is: does the Commissioners Court have any discretion about whether to place on the ballot that portion of the proposal which attempts to set longevity pay? Bailey relies on *Are-*

nas v. Board of Commissioners of the City of McAllen to say that it has no discretion. *Arenas v. Board of Com'rs of the City of McAllen,* 841 S.W.2d 957 (Tex.App.—Corpus Christi 1992, *orig. proceeding* ). However, *Arenas* is distinguishable from the present case. In *Arenas,* the City Commissioners of the City of McAllen were petitioned under section 141.034 of the Local Government Code. The proposal provided for minimum salary increases for six personnel classifications within the Police Department in addition to longevity pay for three of the six. TEX. LOC. GOV'T.CODE ANN. § 141.034 (Vernon 1988). Believing the petition failed to comply with section 141.034, the City Commissioners refused to act. The Corpus Christi Court held that the respondents could not totally ignore the petition, even though the petition may have requested more than a "proposed minimum salary." The court went on to say that it would "express no opinion concerning whether the wording of the statute would bind respondents only to the proposed minimum base salary should the voters act favorably on the petition." *Arenas,* 841 S.W.2d at 959.

Although section 141.034 and section 152.072 of the Local Government Code are substantially similar, *Arenas'* interpretation of section 141.034 must be read in conjunction with other sections of the Local Government Code—sections which place different obligations on municipalities and counties with regard to longevity pay. Although section 141.032 requires each municipality with a population of 10,000 or more to establish longevity pay for each member of the fire and police department, counties with a population under 150,000 do not have such an obligation. *Compare* TEX. LOC. GOV'T.CODE ANN. § 141.032 (Vernon 1988) *with* § 152.074 (Vernon 1988). The city of McAllen was already under an obligation to provide longevity pay; thus, the proposal did not "create" a compensation plan. Because Navarro County is not under an obligation to provide longevity pay, the proposal in this case arguably steps outside the bounds of section 152.072.

## IS MANDAMUS APPROPRIATE?

▉ Mandamus exists to command particular performance when there is a clear duty to perform. *See O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992). Mandamus will issue when there is a legal duty to perform a nondiscretionary, ministerial act, a demand for performance of that act, and a refusal. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991); *Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 178 (Tex. 1988). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* Moreover, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. *Id.*

Ordinarily, we have no jurisdiction in a mandamus proceeding against county officials. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon Supp.1998). However, the question before us involves an election matter and the Legislature has broadly extended our mandamus jurisdiction to resolve election questions which, as here, are usually time-sensitive. *See* TEX. ELEC.CODE ANN. § 273.061 (Vernon 1986).

## CONCLUSION

Because it attempts to create a scheme for longevity pay which is neither required of Navarro County nor provided by the County, the petition in question arguably exceeds the limits of section 152.072. Because we cannot say that the Commissioners Court has a clear duty to act, mandamus will not lie.

The petition for writ of mandamus is denied.