In re Jon Bailey















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-293-CV

IN RE JOHN BAILEYÂ 

 

Original Proceeding 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â John Bailey and other members of the Navarro County Sheriffâs Department seek a writ of
mandamus to order the Navarro County Commissioners Court to place a salary-increase proposal
on the November 3, 1998, election ballot as petitioned by 4,091 qualified voters under Local
Government Code section 152.072. See Tex. Loc. Govât. Code Ann. Â§ 152.072 (Vernon 1988
& Supp. 1998). We will deny relief.
LOCAL GOVERNMENT CODE SECTION 152.072
Â Â Â Â Â Â Section 152.072 of the Local Government Code provides that âthe qualified voters of a county
with a population of more than 25,000 may petition the Commissioners Court of the county to
increase the minimum salary of each member of the sheriffâs department.â Id. Â§ 152.072(a). 
Such a petition must:
Â Â Â Â Â Â (1)Â Â state the amount of the proposed minimum salary for each rank, pay grade, or
classification;
Â Â Â Â Â Â (2)Â Â state the effective date of the proposed salary increase;
Â Â Â Â Â Â (3)Â Â designate five qualified voters to act as a committee of petitioners authorized to negotiate
with the commissioners court under Subsection (g);
Â Â Â Â Â Â (4)Â Â be signed by a number of qualified voters equal to at least 25 percent of the number of
voters who voted in the most recent countywide election for county officers.

Id. Â§ 152.072(b).
Â Â Â Â Â Â Once such a petition is filed, the statute gives the Commissioners Court three options. It may: 
1) adopt the proposal as stated in the petition, 2) offer an alternative proposal, or 3) call an
election on the proposal. Id. Â§ 152.072(c). If it chooses to offer an alternative and the alternative
is accepted by the committee of petitioners, no election is necessary. Id. Â§ 152.072(g).
FACTS
Â Â Â Â Â Â On May 11, 1998, a petition containing 4,091 signatures was submitted to the Commissioners
Court. It is undisputed that this petition contains signatures from qualified voters equal to at least
twenty-five percent of the number of voters who voted in the most recent county-wide election for
county officers. On June 5, the Commissioners Court voted to offer an alternative salary proposal
as contemplated in section 152.072(c). The committee of petitioners rejected the alternative
proposal. On September 2, the Commissioners Court voted to place only a portion of the
proposed salary plan on the ballot for the November 3 election. Bailey seeks to have the proposed
plan placed on the ballot in its entirety. 
THE PROPOSAL
Â Â Â Â Â Â The petitionâs proposed minimum salary plan contains two sub-parts. The first sets a
minimum salary for each member of the Navarro Sheriffâs Department. The Commissioners
Court has agreed to submit this portion of the proposal to the voters in the November 3 election. 
The portion to which the Commissioners Court objects and therefore refuses to place on the ballot
seeks, in addition to the fixed salary proposed, to mandate that each member of the Sheriffâs
Department receive âseniority payâ based on a specified âstep plan.â The Commissioners Court
argues that the petition attempts to create a classification plan (i.e. step increases and longevity
pay) where no such plan exists and, as such, is not contemplated by section 152.072's provisions
providing for âminimum salariesâ and an âeffective date.â Bailey, arguing that the
Commissioners Courtâs duty is purely ministerial, urges that the Commissioners Court has no
discretion but to put the proposed minimum salary plan on the ballot, regardless of whether it
believes the proposal to be outside the bounds of section 152.072.
LONGEVITY PAY
Â Â Â Â Â Â The portion of the proposal at issue attempts to set longevity pay, which is not an existing
method of compensation within the Sheriffâs Department. The only issue is: does the
Commissioners Court have any discretion about whether to place on the ballot that portion of the
proposal which attempts to set longevity pay? Bailey relies on Arenas v. Board of Commissioners
of the City of McAllen to say that it has no discretion. Arenas v. Board of Comârs of the City of
McAllen, 841 S.W.2d 957 (Tex. App.âCorpus Christi 1992, orig. proceeding). However,
Arenas is distinguishable from the present case. In Arenas, the City Commissioners of the City
of McAllen were petitioned under section 141.034 of the Local Government Code. The proposal
provided for minimum salary increases for six personnel classifications within the Police
Department in addition to longevity pay for three of the six. Tex. Loc. Govât. Code Ann. Â§
141.034 (Vernon 1988). Believing the petition failed to comply with section 141.034, the City
Commissioners refused to act. The Corpus Christi Court held that the respondents could not
totally ignore the petition, even though the petition may have requested more than a âproposed
minimum salary.â The court went on to say that it would âexpress no opinion concerning whether
the wording of the statute would bind respondents only to the proposed minimum base salary
should the voters act favorably on the petition.â Arenas, 841 S.W.2d at 959. 
Â Â Â Â Â Â Although section 141.034 and section 152.072 of the Local Government Code are
substantially similar, Arenasâ interpretation of section 141.034 must be read in conjunction with
other sections of the Local Government Codeâsections which place different obligations on
municipalities and counties with regard to longevity pay. Although section 141.032 requires each
municipality with a population of 10,000 or more to establish longevity pay for each member of
the fire and police department, counties with a population under 150,000 do not have such an
obligation. Compare Tex. Loc. Govât. Code Ann. Â§ 141.032 (Vernon 1988) with Â§ 152.074
(Vernon 1988). The city of McAllen was already under an obligation to provide longevity pay;
thus, the proposal did not âcreateâ a compensation plan. Because Navarro County is not under
an obligation to provide longevity pay, the proposal in this case arguably steps outside the bounds
of section 152.072.
IS MANDAMUS APPROPRIATE?
Â Â Â Â Â Â Mandamus exists to command particular performance when there is a clear duty to perform. 
See O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). Mandamus will issue
when there is a legal duty to perform a nondiscretionary, ministerial act, a demand for
performance of that act, and a refusal. Anderson v. City of Seven Points, 806 S.W.2d 791, 793
(Tex. 1991); Doctors Hosp. Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 178 (Tex.
1988). An act is ministerial when the law clearly spells out the duty to be performed by the
official with sufficient certainty that nothing is left to the exercise of discretion. Id. Moreover,
a writ of mandamus will not issue to compel a public official to perform an act which involves an
exercise of discretion. Id. 
Â Â Â Â Â Â Ordinarily, we have no jurisdiction in a mandamus proceeding against county officials. Tex.
Govât Code Ann. Â§ 22.221(b) (Vernon Supp. 1998). However, the question before us involves
an election matter and the Legislature has broadly extended our mandamus jurisdiction to resolve
election questions which, as here, are usually time-sensitive. See Tex. Elec. Code Ann. Â§
273.061 (Vernon 1986). 
CONCLUSION
Â Â Â Â Â Â Because it attempts to create a scheme for longevity pay which is neither required of Navarro
County nor provided by the County, the petition in question arguably exceeds the limits of section
152.072. Because we cannot say that the Commissioners Court has a clear duty to act, mandamus
will not lie. 
Â Â Â Â Â Â The petition for writ of mandamus is denied.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Writ denied
Opinion delivered and filed September 15, 1998
Publish



istrative record in making decision, both parties treated it as evidence,
both referred to the records contents, and no objection was made that
administrative record had not been admitted).

Analysis

Both attorneys for the Scott children
referred to the affidavits attached to their motions in their statements to the
trial court relating to the work performed on the case, the number of hours,
and hourly rates requested.Â  The argument put forth by the trial counsel for
the Alongis called upon the trial court to deny the award based on the language
of the statute.Â  No objection was made to the consideration of the affidavits
when they were referred to by the attorneys for the Scott children.Â  The trial
court referred to the substance of the affidavits in its findings of fact and
conclusions of law, which were unchallenged by the Alongis in the trial court.Â 
We find that the trial court did not err by considering the substance of the
affidavits because the Alongis waived any complaint to the affidavits by their
failure to object to the trial courtÂs consideration of the affidavits.Â  See
Tex. R. App. P. 33.1(a).

Reasonableness of AttorneyÂs Fees

The factors that courts have used to
determine the reasonableness of attorneysÂ fees include

(1) the time and labor required, the
novelty and difficulty of the questions involved, and the skill required to
perform the legal service properly;


(2) the likelihood . . . that the acceptance of the particular employment will
preclude other employment by the lawyer;


(3) the fee customarily charged in the locality for similar legal services;


(4) the amount involved and the results obtained;


(5) the time limitations imposed by the client or by the circumstances; 


(6) the nature and length of the professional relationship with the client;


(7) the experience, reputation, and ability of the lawyer or lawyers performing
the services; and


(8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.

Â 

Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999).Â  The
affidavits filed by the Scott children meet these requirements and are legally
and factually sufficient to support the award.Â  Because the affidavits are
sufficient standing alone to support the award, it is not necessary for us to
consider whether the unsworn statements of counsel at the hearing constituted
evidence.Â  We find that the trial court did not err in its award of attorneyÂs
fees from the Alongis to the Scott children.Â  We overrule issue two.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that the trial court
did not err by granting the Scott childrenÂs motion for summary judgment or in
its award of attorneyÂs fees.Â  We affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Affirmed

Opinion
delivered and filed July 13, 2011

[CV06]