In re Jeraldmain Crain















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-196-CV

IN RE JERALDMAIN CRAIN

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Jeraldmain Crain brought a petition for writ of mandamus in this Court alleging the
Respondent has failed to hear and rule on his Motion for Preliminary Injunction. We ordered that
a response be filed with the clerk no later than 5:00 p.m. on August 7, 2002, by any person whose
interest would be directly affected by the relief sought in the petition. We also requested that any
response filed on behalf of the real party in interest must be delivered to the Court by 5:00 p.m.
on October 21, 2002. No response to either order or request was filed.
      The legislature has prescribed jurisdiction of a court of appeals to issue writs of mandamus
(1) to enforce the court’s jurisdiction, and (2) against judges of district and county courts in the
district of the particular court of appeals. Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2003). 
A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). When an official fails to perform a ministerial act,
that is a violation of a duty imposed by law. See Anderson v. City of Seven Points, 806 S.W.2d
791, 793 (Tex. 1991); In re Bailey, 975 S.W.2d 430, 432 (Tex. App.—Waco 1998, orig.
proceeding). When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act. In re Taylor, 39 S.W.3d 406,
411 (Tex. App.—Waco 2001, orig. proceeding). A trial court may not arbitrarily halt proceedings
in a pending case, and mandamus will lie to compel a trial court to hear and rule on motions
pending before it. In re Tasby, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig.
proceeding).
      Crain contends he filed a motion for preliminary injunction on February 15, 2002, and the
trial court has neither heard nor ruled on the motion. Nothing in the record before us indicates
otherwise. Respondent has violated duties imposed by law by failing to perform the ministerial
acts of considering and ruling on Crain’s motion. Crain has no adequate remedy by appeal. Thus,
the mandamus is conditionally granted. The writ will issue if Respondent fails to advise this Court
within twenty days of the date of this opinion that he has either set a hearing or has ruled on
Crain’s motion.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ of mandamus conditionally granted
Opinion delivered and filed December 11, 2002
Do not publish
[CV06]