In re C. Joseph Salazar II















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-318-CV

IN RE C. JOSEPH SALAZAR II

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      C. Joseph Salazar II brought a petition for writ of mandamus in this Court alleging the
Respondent has (1) failed to hear and rule on Salazar’s Motion to Compel Discovery, and (2)
failed to rule on the real parties in interest’s Motion to Dismiss. We requested that a response be
filed with the clerk no later than 5:00 p.m. on December 4, 2002, by any person whose interest
would be directly affected by the relief sought in the petition. No response to this request was
filed.
      The legislature has prescribed jurisdiction of a court of appeals to issue writs of mandamus
(1) to enforce the court’s jurisdiction, and (2) against judges of district and county courts in the
district of the particular court of appeals. Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2003). 
A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). When an official fails to perform a ministerial act,
that is a violation of a duty imposed by law. See Anderson v. City of Seven Points, 806 S.W.2d
791, 793 (Tex. 1991); In re Bailey, 975 S.W.2d 430, 432 (Tex. App.—Waco 1998, orig.
proceeding). When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act. In re Taylor, 39 S.W.3d 406,
411 (Tex. App.—Waco 2001, orig. proceeding). A trial court may not arbitrarily halt proceedings
in a pending case, and mandamus will lie to compel a trial court to hear and rule on motions
pending before it. In re Tasby, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig.
proceeding).
      Salazar contends he filed a motion to compel discovery on March 21, 1996, and the real
parties in interest filed a motion to dismiss for want of prosecution in December of 2001. 
According to the record presented, the trial court has not considered or ruled on Salazar’s motion. 
A hearing was held on the motion to dismiss in January of 2002, however the trial court has not
ruled on that motion. Salazar is entitled to timely consideration and Respondent has violated
duties imposed by law by failing to rule on his motion. Salazar has no adequate remedy by appeal
for the failure of the trial court to hear and rule upon his motion. Thus, the mandamus is
conditionally granted in part.
      However, Salazar has not shown this Court that he has the right to mandamus regarding the
trial court’s failure to rule on the real parties in interest’s motion to dismiss. Pasadena Indep.
School Dist., 76 S.W.3d 144, 147 (Tex. App.—Amarillo 2002, no pet.). A party “may not
complain of errors which do not injuriously affect him or which merely affect the rights of
others.” Jackson v. Fontaine’s Clinics, Inc., 499 S.W.2d 87, 92 (Tex. 1973). Thus, the
mandamus is denied in part.
      The writ will issue if Respondent fails to advise this Court within twenty days of the date of
this opinion that he has ruled on Salazar’s motion to compel discovery.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ of mandamus conditionally granted in part and denied in part
Opinion delivered and filed December 31, 2002
Do not publish
[CV06]



e="font-family: 'CG Times', serif">      Joe Walters testified that he is disabled from degenerative arthritis; has been for seven years;
and is wheel-chair bound most of the time. He testified he takes Valium for muscle spasms; that
M.W. asked him if they could have a couple of Valiums; that he first said no, but did give them
one or two; that the girls left to go to B.J.C.’s house between 1:30 and 2:00 p.m. which is about
a mile from his place. He said the girls came back to his house later but made no complaint about
Appellant; that he first came to understand something had happened on Monday when Appellant
came to his house and told him B.J.C. and her mother were called to the school; that Appellant
was distraught and upset; that he told him, “They are trying to accuse me of raping B.J.C.”; that
as far as he could remember he didn’t do it, but said he had been smoking marihuana and that
would kind of alter his decision. Appellant further told Joe Walters that “he messed up; that he
might have raped B.J.C.,” and further that he thought he did rape B.J.C. and was going to kill
himself.
      Walters testified he was told by Appellant after his wife had been called to the school that
“they are saying that M.W. was also raped. Walters said he called Appellant and told him “they
are saying you raped M.W. also.” Appellant responded: “I don’t know.” Walters testified he
had another phone conversation with Appellant and Appellant told him he had sex with both girls.
      Jeff Scott testified he was 26 years-of-age and worked in New Braunfels; that he married
B.J.C. and they were separated but not divorced. He said he knew Appellant and that Appellant
came to his apartment on Monday, May 5, 1997, and told him B.J.C. accused him of raping her
and M.W.; but that he was not sure as he had been drinking and partying and he didn’t believe he
did it.
      Appellant pled not guilty, did not testify, but offered an alibi witness. The jury convicted
him and the court assessed his punishment at 17 years in prison.
      By other counsel Appellant appeals on three points of error:
      Point 1: “Appellant was denied his Sixth Amendment right of confrontation under the U.S.
Constitution because he was not allowed to cross-examine one of the victims or her father
concerning the victim’s prior false allegations of sexual abuse against another.”
      M.W. testified that she made no charges of sexual abuse against her father or anyone else. 
She stated that her mother made the charges. She further testified that she never stated that her
cousin, Bryon Pullin, had molested her; and that it was her parents who had said that Pullin did
it. M.W.’s testimony is clear that she never made a sexual abuse allegation against anyone, and
certainly not a false one. Appellant’s attorney deferred to a police report of a prior interview with
her but did not offer the report into evidence or call the officer to contradict M.W.’s testimony. 
Appellant presented no further evidence of his claim that M.W. had made prior false sexual abuse
allegations.
      M.W. did say her father, Joe Walters, had made a false allegation that Bryon Pullin sexually
assaulted her. However, Appellant did not produce Pullin or any other witness to support this
contention. When Joe Walters testified, Appellant’s attorney asked that he be allowed to go into
“that other incident.” The trial judge denied the request, having previously found that Joe
Walter’s alleged false accusation was not relevant to the case against Appellant. Appellant did not
request a hearing outside the presence of the jury or a bill of exception to explore Joe Walters’
prior allegation. Neither did Appellant object to the court’s denial of his request to ask Walters
about it.
      To preserve error for appellate review the complaining party must make a specific objection
and obtain an adverse ruling from the trial court. No error was preserved. Tex. R. App. P.
33.1(a). 
      Point 1 is overruled.
      Point 2: “Appellant was denied effective assistance of counsel as guaranteed by the Sixth
Amendment of the U.S. Constitution.”
      Specifically, Appellant complains that his trial counsel did not fully investigate or prepare his
alibi defense by failing to contact the proper witnesses, or to obtain records to provide evidence
that Appellant was working at the time of the alleged incident.
      These complaints were never presented to the trial court and thus are barred by Rule 33.1(a)
of the Texas Rules of Appellate Procedure. This rule provides that a prerequisite to presenting a
complaint for appellate review, the record must show: (1) a timely request, objection, or motion
to the trial court stating the grounds for the complaint; and (2) a ruling on the request, objection
or motion, or a refusal to rule coupled with an objection to such refusal. 
      Appellant did file a motion for a new trial in which he alleged that his trial attorney rendered
ineffective assistance of counsel by knowing the identity of various witnesses which he failed to
call. However, he never brought his motion to the attention of the court or sought a hearing on
such motion where he could present evidence. The motion for a new trial was overruled by
operation of law.
      Applying the clear language of Rule 33.1(a), Texas Rules of Appellate Procedure, we find
that Appellant’s complaints have not been preserved for review. Gonzales v. State, No. 10-98-268-CR, slip op. (Tex. App.—Waco, June 9, 1999, no pet.). 
      Point 2 is overruled.
      Point 3: “There is insufficient evidence to support Appellant’s conviction.”
      Specifically, Appellant complains that the evidence is legally insufficient to support a finding
of penetration, an essential element of the offense of sexual assault.
      When reviewing the legal sufficiency of the evidence, we must examine all the evidence to
determine if any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Criner v. State, 860 S.W.2d
84, 86 (Tex. Crim. App. 1992). In making this examination, we view the evidence in the light
most favorable to the verdict. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). If
there is any evidence that establishes guilt beyond a reasonable doubt, the conviction is not
subject to reversal. Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.]
1994, no pet.).
      B.J.C. and M.W. testified Appellant penetrated their sexual organs with his penis and, in
M.W.’s case, additionally with his finger. Appellant argues that because the girls were drinking,
taking Valium and smoking marihuana, their testimony should not be believed. Additionally
Appellant’s testimony and actions were such that the jury could believe that he admitted his guilt.
      The trier of fact judges the credibility of the witnesses and the weight to be given their
testimony. Hoskins v. State, 960 S.W.2d 207, 209 (Tex. App.—Corpus Christi 1997, no pet.). 
A rational trier of fact could have found the elements of the crime beyond a reasonable doubt.
      Point 3 is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 19, 2000
Do not publish