COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-199-CV

 

 

WICHITA COUNTY AND WICHITA COUNTY                           APPELLANTS

COMMISSIONERS
COURT

 

                                                   V.

 

DARYL LEE BONNIN                                                               APPELLEE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.                   
Introduction








            This is an interlocutory appeal from the trial court=s denial of a plea to the
jurisdiction.  The question before us is
whether the district court has jurisdiction over a declaratory judgment action
brought by a deputy sheriff against the Wichita County Commissioners Court.[1]  The declaratory judgment action concerns the
effect of a minimum salary proposal approved by the voters of Wichita
County.  We affirm the trial court=s denial of the Commissioners Court=s plea to the jurisdiction.

II.                
Local
Government Code ' 152.072

            Before we turn to the allegations and procedural history
of this case, we will review the provisions of the statute under which it
arises.  So doing will put the facts of
the case into relevant context.








Section 152.072(a) of the local government code
authorizes the voters of a county to petition the commissioners of their county
court to increase the minimum salary of each member of the sheriff=s department.  Tex.
Loc. Gov=t Code Ann. '
152.072 (Vernon Supp. 2005).  Subsection
(b) sets forth the required content of the petition.  It must, among other things, state the amount
of the proposed minimum salary for each rank, pay grade, or classification and
be signed by a number of qualified voters equal to at least twenty-five percent
of the number of voters who voted in the most recent countywide election for
county officers.  Id.  Subsection (c) sets forth the responsibilities
of the commissioners court once a petition has been filed:

(c)        When a petition is filed under this section, the
commissioners court shall: 

 

(1)        adopt the proposed minimum salary stated in the petition; 

 

(2)        offer an alternative minimum salary proposal under Subsection
(g); or 

 

(3)        call an election on the proposed minimum salary as provided
by this section. 

 

Id.  If the
commissioners court opts to hold an election, it Ashall
be held on the first authorized uniform election date under Chapter 41,
Election Code:  (1) that occurs after the
65th day after the date the petition was filed; and (2) on which an election is
scheduled to be held throughout the county for other purposes.@

Id. '
(d).  Subsection (e) sets out the form of
the ballot for the election:

AAdoption of the proposed minimum
salaries of ______ for members of the Sheriff=s
Department at an annual cost of _________, which may or may not cause an
increase in the county ad valorem property tax.@  The proposed salary for each rank, pay grade,
or classification as stated in the petition and the total costs of the
increases must be inserted in the blank spaces.

 








Id.  Subsection (f)
provides that A[i]f a
majority of the votes cast at the election favor the adoption of the proposed
minimum salary, the minimum salary shall take effect on or before the
date specified in the petition as the effective date.@  Id. (emphasis added).

III.              
Factual and
Procedural Background

            In 2004, the Wichita County Sheriff=s Department Employees Association (Athe Association@)
circulated a petition to increase the minimum salary of each sheriff=s department employee under section
152.072.  In addition to setting out the
proposed minimum salary for each rank and classification to become effective
December 1, 2004, the petition listed proposed salary step increases for each
rank extending six years into the future. 
The Association needed 6,657 signatures for the petition; they obtained
7,018.  The Association presented the
petition to the county Commissioners Court on August 31, 2004. 

The commissioners opted to call an election on the
proposed minimum salary under section 152.072(c)(3).  The county judge and the county clerk decided
that the entire petitionCminimum
salaries and step increasesCshould
be listed on the ballot, but the ballot printer could not make it fit.  Eventually, the commissioners decided to
submit the following language on the ballot:








Proposition:  Adoption of the Proposed [sic] minimum
salaries for the Wichita County Sheriff=s
Department, as follows: Chief Deputy, $40,320; Captain, $36,000; Lieutenant,
$33,408; Patrol Sergeant, $30,792; Patrol Corporal, $28,500; Deputy, $26,700;
Jail Sergeant, $29,233.16; Administrative Assistant, $26,500; Records
Supervisor, $26,500; Head Nurse, $30,000; Nurse, $26,500; Finance Clerk,
$26,500; Records Clerk, $21,500; for members of the Sheriff=s Department at an annual cost of
$4,975,495.57, which may or may not cause an increase in the ad valorem
property tax. 

 

The ballot tracked the language of section 152.072(e) and omitted
any reference to the six-year salary step increases.

The election was held on November 2, 2004.  Nearly sixty-eight percent of the electorate
voted in favor of the proposal.

Almost as soon as the last ballot was counted, the
effect of the election was the subject of heated debate among the Commissioners
Court, the district attorney, the Association, and even the commissioners
themselves.  The Association, the
district attorney, and the county judge maintained that the Commissioners Court
was bound to implement the entire petition, including the six-year salary step
increases.  OthersCnotably
the county judge=s
administrative assistantCargued
that the Commissioners Court must implement only the minimum salaries actually
listed on the ballot.  








On November 15, 2004, the commissioners adopted
what they called a Ahybrid
plan@ that set
the salary for Sheriff=s
Department employees at either the minimum salary specified on the ballot or
the salary already established by Commissioners Court=s
2004-05 budget, whichever was greater. 
Finally, on January 31, 2005, the commissioners rejected by a
three-to-two vote a motion that called for the Commissioners Court to adopt all
of the provisions of the petition, including the six-year salary step
increases. 

Appellee Daryl Lee Bonnin, a jailer with the
Sheriff=s
Department, sued the Commissioners Court in a Wichita County district court,
seeking a declaratory judgment that the Commissioners Court had a legal duty to
implement the entire petition under section 152.072.  The Commissioners Court filed a plea to the
jurisdiction, arguing that the district court had no jurisdiction over Bonnin=s suit because the Commissioners Court
had not abused its discretion by refusing to implement anything beyond the
language included on the ballot.  After a
hearing, the district court denied the plea to the jurisdiction. 

IV.             
Standard of
Review








            A plea to the jurisdiction challenges the trial court=s authority to determine the subject
matter of the action.  Tex. Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999); Archibeque v. N. Tex. State Hosp.CWichita Falls, 115 S.W.3d
154, 157 (Tex. App.CFort
Worth 2003, no pet.).  Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo.  Univ. of N. Tex. v. Harvey,
124 S.W.3d 216, 220 (Tex. App.CFort
Worth 2003, no pet.).  The plaintiff has
the burden to plead facts that affirmatively establish the trial court=s subject matter jurisdiction.  Tex. Ass=n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Although the claims may form the context in
which a plea to the jurisdiction is raised, the plea should be decided without
delving into the merits of the case.  Bland
ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 

When a plea to the jurisdiction challenges the
pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate
the court=s
jurisdiction to hear the case.  Tex.
Dep=t of
Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226‑27 (Tex. 2004); Tex.
Ass=n of Bus.,
852 S.W.2d at 446.  An appellate court
must take the allegations of the plaintiff=s
petition as true and construe them liberally in the pleader=s favor, looking to the pleader=s intent.  Miranda, 133 S.W.3d at 226.  If the evidence creates a fact question
regarding the jurisdictional issue, the trial court cannot grant the plea to
the jurisdiction, and the fact issue will be resolved by the fact finder.  Id. at 228.   However, if the relevant evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
trial court rules on the plea to the jurisdiction as a matter of law.  Id.

V.                
Discussion

            In
its first issue, the Commissioners Court argues that the district court lacks
jurisdiction over the underlying declaratory judgment action because, says the
Commissioners Court, it has fulfilled its statutory duty by adopting the
minimum salaries submitted to the electorate on the ballot.








A.                
Authority of
the Commissioners Court

            The Texas Constitution provides that the commissioners
court Ashall
exercise such powers and jurisdiction over all county business, as is conferred
by this Constitution and the laws of the State, or as may be hereafter
prescribed.@  Tex.
Const. art. V, '
18.  Thus, the Texas Constitution
establishes the commissioners court as the county=s
principal governing body.  Comm=rs Court of Titus County v. Agan,
940 S.W.2d 77, 79 (Tex. 1997).  The
powers and duties of the commissioners courts include aspects of legislative,
executive, administrative, and judicial functions.  Id. 
In the exercise of its powers and jurisdiction over county business, the
commissioners court has implied authority to exercise broad discretion to
accomplish the purposes intended.  Canales
v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); Cosby v. County
Comm=rs of
Randall County, 712 S.W.2d 246, 248 (Tex. App.CAmarillo
1986, writ ref=d
n.r.e.).

B.                
The District
Court=s Appellate and Supervisory Jurisdiction








            Article 5, section 8 of the Texas Constitution gives
district courts appellate jurisdiction and supervisory control over county
commissioners courts:  AThe District Court shall have appellate
jurisdiction and general supervisory control over the County Commissioners
Court, with such exceptions and under such regulations as may be prescribed by
law.@  Tex.
Const. art. V, '
8.  The legislation enabling the district
court repeats the words of article 5, section 8.  Tex.
Gov=t Code Ann. '
24.020 (Vernon 2004).

Case law defines the scope of the district court=s jurisdiction.  Agan, 940 S.W.2d at 80.  A party can invoke the district court=s constitutional supervisory control
over a commissioners court judgment only when the commissioners court acts
beyond its jurisdiction or clearly abuses the discretion conferred upon the
commissioners court by law.  Id.  If the commissioners court acts illegally,
unreasonably, or arbitrarily, a district court may so adjudge.  Id. 
But in reviewing a commissioners court judgment for abuse of discretion,
the district court has no right to substitute its judgment and discretion for
that of the commissioners court.  Id.  The district court may order the
commissioners court to exercise its discretion, but it cannot tell the
commissioners what decision to make.  Id.  Once the commissioners court exercises
its discretion, the district court may review the order for abuse of
discretion.  Id.

C.                
Analysis








            We
reiterate at the outset of our analysis that the issue before us is the
jurisdiction of the district court, not the merits of the underlying
claim.  See Jones, 8 S.W.3d at
638.  The briefs of the parties conflate
the issues of jurisdiction and the merits of Bonnin=s
suit.  The question is not whether the
Commissioners Court has a duty to implement all provisions of the petition, but
whether the district court has the jurisdiction to answer that question.  Accordingly, we will focus on the issue of
jurisdiction.

The gist of the Commissioners Court=s plea to the jurisdiction is that the
district court has no jurisdiction over Bonnin=s
declaratory judgment claim because the Commissioners Court has complied with
the letter of section 152.072.  It argues
that unless Bonnin pleads a prima facie abuse of discretion or illegal act on
the part of the Commissioners Court, the district court has no jurisdiction
over his claim.  While we agree with this
latter premise regarding the pleading required to invoke the district court=s supervisory jurisdiction, we disagree
with the Commissioners Court=s
conclusion.








We look to Bonnin=s
petition to determine whether he alleged facts that affirmatively demonstrate
the district court=s
jurisdiction to hear his cause.  See
Miranda, 133 S.W.3d at 226.  Bonnin
pleaded the facts set forth above, namely, that the Association obtained the
requisite number of signatures on its section 152.072 petition, that the
Commissioners Court submitted the minimum salary proposal to the voters on a
ballot that set out some but not all of the provisions of the petition, that
the voters approved the proposal, and that the Commissioners Court refused to
implement those provisions of the petition that were not included on the
ballot.  Bonnin seeks a declaration as to
whether the Commissioners Court has a mandatory legal duty to implement the
proposal as set forth in the petition. 
Connecting the dots between the facts alleged by Bonnin and the
declaration he seeks, the crux of Bonnin=s
complaint is that the Commissioners Court failed to comply with a mandatory
duty imposed by law; in other words, that the Commissioners Court committed an
illegal act by refusing to implement the entire petition.  Therefore, Bonnin has alleged an illegal act
by the Commissioners Court, an allegation over which the district court has
jurisdiction.  See Agan, 940
S.W.2d at 80.








The Commissioners Court argues that, as a matter
of law, it has no duty to implement any part of the petition beyond the minimum
salaries set forth on the ballot and, therefore, that its refusal to implement
anything beyond those minimum salaries is not an Aillegal
act.@  In support of this argument, the
Commissioners Court cites In re Bailey, 975 S.W.2d 430 (Tex. App.CWaco 1998, orig. proceeding) and In
re Link, 45 S.W.3d 149 (Tex. App.CTyler
2000, orig. proceeding)Cthe
only two reported cases dealing with section 152.072.  In Bailey, members of the Navarro
County sheriff=s
department circulated a section 152.072 petition that set minimum salaries and
provided for seniority pay and a salary step plan.  Bailey, 975 S.W.2d at 431.  The commissioners court set for election only
that part of the petition that concerned minimum salaries.  Id. 
A deputy sheriff sought a writ of mandamus from the court of appeals
compelling the commissioners court to set the entire petition for
election.  Id.  The Waco court of appeals held that the
commissioners court did not have a Aclear
duty@ to
include the petition=s
seniority and salary-step provisions on the ballot because those provisions Aarguably exceeded the limits of section
152.072.@  Id. at 432.  A similar question arose in Link.  There, members of the Anderson County Sheriff=s Department circulated a section
152.072 petition and obtained the required number of signatures.  Link, 45 S.W.3d at 151.  The Anderson County commissioners court
declared that the petition was Alegally
insufficient@ and
refused to set it for election.[2]  Id. 
A member of the sheriff=s
department sought a writ of mandamus from the court of appeals to compel the
commissioners court to set the proposal for election.  Id. 
The court of appeals held that the commissioners court had a legal
duty to submit the petition to the voters. 
Id. at 156.  Notably, the
court also observed in dicta that the appropriate method to resolve a dispute
about the interpretation of a section 152.072 petition was a declaratory
judgment action after the election.  Id.








We reject the Commissioners Court=s argument and find its reliance in Bailey
and Link misplaced.  First, we
note again that the Commissioners Court conflates the issue of jurisdiction
with the merits of Bonnin=s
claim.  Second, the issue in Bailey
and Link was the commissioners court=s
duty to set a section 152.072 petition for election, but the issue in Bonnin=s claim is the commissioners court=s duty after the election is
held.  Third, neither Bailey nor Link
address the narrow issue before us, the jurisdiction of the district
court.  While Bailey and Link
may be relevant to the merits of Bonnin=s
suit, they are irrelevant on the issue of jurisdiction.

We hold that Bonnin pleaded facts and a cause of
action within the district court=s
jurisdiction.  We overrule the
Commissioners Court=s first
issue.

D.                
The
Commissioners Court=s Second and Third Issues

            In its second issue, the Commissioners Court argues that
section 152.072 does not authorize an election on anything other than a minimum
salary increase.  In its third issue, it
argues that a petition that exceeds the scope of section 152.072 imposes no duty
on the Commissioners Court.  Both of
these issues go to the merits of Bonnin=s
suit, not the question of jurisdiction. 
Bonnin argues that issues two and three are not properly before this
court.  We agree.  Because this appeal involves only the issue
of jurisdiction, we overrule the Commissioners Court=s
second and third issues.

 

 








VI.             
Conclusion

            Having
overruled all three of the Commissioners Court=s
issues, we affirm the trial court=s
order denying the Commissioners Court=s
plea to the jurisdiction.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:       LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:
December 15, 2005

 











[1]Appellee
sued both Wichita County and the Wichita County Commissioners Court, and both
appeal from the trial court=s order.  For simplicity, we will refer to both
Appellants as Athe
Commissioners Court@ in
this appeal.





[2]The
Link opinion is unclear as to why the commissioners court thought the
petition was insufficient, but apparently it included measures beyond minimum
salaries.  See id. at 152.