**Opinion filed March 25, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00037-CV

_____

## IN RE MOISES A. HERNANDEZ

**Original Mandamus Proceeding**

## MEMORANDUM OPINION

Relator, Moises A. Hernandez, filed this original petition for writ of mandamus in which he requests that we instruct "Odessa Police Department/Ector County/Clerk of the Court for the 358th Judicial District[,] Ector County" to release to Relator $567 that was the subject of a civil forfeiture action.

This court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020). Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a judge of a district or county court in the court of appeals' district, (2) writs against a district judge acting as magistrate in a court of inquiry in

the court of appeals' district, and (3) writs necessary to enforce the court of appeals' jurisdiction. *Id.* We have no authority to issue a writ of mandamus against a police department, a county official, or a district clerk unless it is necessary to enforce our jurisdiction. *See In re Tarver*, No. 05-20-00926-CV, 2020 WL 6866567, at *1 (Tex. App.—Dallas Nov. 23, 2020, orig. proceeding) (mem. op.) (holding that court of appeals did not have jurisdiction to issue a writ of mandamus against a police department unless it was necessary to enforce the court of appeals' jurisdiction); *In re Tinsley*, No. 11-18-00328-CR, 2018 WL 6219542, at *1 (Tex. App.—Eastland Nov. 29, 2018, orig. proceeding) (mem. op.) (per curiam) (holding that court of appeals did not have jurisdiction to issue a writ of mandamus against a district clerk unless it was necessary to enforce the court of appeals' jurisdiction); *In re Bailey*, 975 S.W.2d 430, 432 (Tex. App.—Waco 1998, orig. proceeding) (holding that court of appeals generally has "no jurisdiction in a mandamus proceeding against county officials").

Relator has not provided a mandamus record of any proceedings in the trial court and has not established that he sought relief from the trial court, that the trial court has refused to grant any requested relief, or that Relator has appealed any adverse ruling by the trial court to this court. Therefore, none of the relief requested by Relator is necessary to protect this court's jurisdiction.

We dismiss the petition for writ of mandamus for lack of jurisdiction.


March 25, 2021                                             PER CURIAM

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[1]

Trotter, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.