WICHITA COUNTY V. BONNIN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-199-CV

WICHITA COUNTY AND WICHITA COUNTY APPELLANTS

COMMISSIONERS COURT

V.

DARYL LEE BONNIN APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

OPINION

------------

Introduction

This is an interlocutory appeal from the trial court’s denial of a plea to the jurisdiction.  The question before us is whether the district court has jurisdiction over a declaratory judgment action brought by a deputy sheriff against the Wichita County Commissioners Court.
(footnote: 1)  The declaratory judgment action concerns the effect of a minimum salary proposal approved by the voters of Wichita County.  We affirm the trial court’s denial of the Commissioners Court’s plea to the jurisdiction.

Local Government Code § 152.072

Before we turn to the allegations and procedural history of this case, we will review the provisions of the statute under which it arises.  So doing will put the facts of the case into relevant context.

Section 152.072(a) of the local government code authorizes the voters of a county to petition the commissioners of their county court to increase the minimum salary of each member of the sheriff’s department.  
Tex. Loc. Gov’t Code Ann.
 § 152.072 (Vernon Supp. 2005).  Subsection (b) sets forth the required content of the petition.  It must, among other things, state the amount of the proposed minimum salary for each rank, pay grade, or classification and be signed by a number of qualified voters equal to at least twenty-five percent of the number of voters who voted in the most recent countywide election for county officers.  
Id. 
 Subsection (c) sets forth the responsibilities of the commissioners court once a petition has been filed:

(c) When a petition is filed under this section, the commissioners court shall: 

(1) adopt the proposed minimum salary stated in the petition; 

(2) offer an alternative minimum salary proposal under Subsection (g); or 

(3) call an election on the proposed minimum salary as provided by this section. 

Id.
  If the commissioners court opts to hold an election, it “shall be held on the first authorized uniform election date under Chapter 41, Election Code:  (1) that occurs after the 65th day after the date the petition was filed; and (2) on which an election is scheduled to be held throughout the county for other purposes.”

Id. 
§ (d).  Subsection (e) sets out the form of the ballot for the election:

“Adoption of the proposed minimum salaries of ______ for members of the Sheriff’s Department at an annual cost of _________, which may or may not cause an increase in the county ad valorem property tax.”  The proposed salary for each rank, pay grade, or classification as stated in the petition and the total costs of the increases must be inserted in the blank spaces.

Id. 
 Subsection (f) provides that “[i]f a majority of the votes cast at the election favor the adoption of the proposed minimum salary, the minimum salary 
shall
 take effect on or before the date specified in the petition as the effective date.”  
Id.
 (emphasis added).

Factual and Procedural Background

In 2004, the Wichita County Sheriff’s Department Employees Association (“the Association”) circulated a petition to increase the minimum salary of each sheriff’s department employee under section 152.072.  In addition to setting out the proposed minimum salary for each rank and classification to become effective December 1, 2004, the petition listed proposed salary step increases for each rank extending six years into the future.  The Association needed 6,657 signatures for the petition; they obtained 7,018.  The Association presented the petition to the county Commissioners Court on August 31, 2004. 

The commissioners opted to call an election on the proposed minimum salary under section 152.072(c)(3).  The county judge and the county clerk decided that the entire petition—minimum salaries and step increases—should be listed on the ballot, but the ballot printer could not make it fit.  Eventually, the commissioners decided to submit the following language on the ballot:

Proposition:  Adoption of the Proposed [sic] minimum salaries for the Wichita County Sheriff’s Department, as follows: Chief Deputy, $40,320; Captain, $36,000; Lieutenant, $33,408; Patrol Sergeant, $30,792; Patrol Corporal, $28,500; Deputy, $26,700; Jail Sergeant, $29,233.16; Administrative Assistant, $26,500; Records Supervisor, $26,500; Head Nurse, $30,000; Nurse, $26,500; Finance Clerk, $26,500; Records Clerk, $21,500; for members of the Sheriff’s Department at an annual cost of $4,975,495.57, which may or may not cause an increase in the ad valorem property tax. 

The ballot tracked the language of section 152.072(e) and omitted any reference to the six-year salary step increases.

The election was held on November 2, 2004.  Nearly sixty-eight percent of the electorate voted in favor of the proposal.

Almost as soon as the last ballot was counted, the effect of the election was the subject of heated debate among the Commissioners Court, the district attorney, the Association, and even the commissioners themselves.  The Association, the district attorney, and the county judge maintained that the Commissioners Court was bound to implement the entire petition, including the six-year salary step increases.  Others—notably the county judge’s administrative assistant—argued that the Commissioners Court must implement only the minimum salaries actually listed on the ballot.  

On November 15, 2004, the commissioners adopted what they called a “hybrid plan” that set the salary for Sheriff’s Department employees at either the minimum salary specified on the ballot or the salary already established by Commissioners Court’s 2004-05 budget, whichever was greater.  Finally, on January 31, 2005, the commissioners rejected by a three-to-two vote a motion that called for the Commissioners Court to adopt all of the provisions of the petition, including the six-year salary step increases. 

Appellee Daryl Lee Bonnin, a jailer with the Sheriff’s Department, sued the Commissioners Court in a Wichita County district court, seeking a declaratory judgment that the Commissioners Court had a legal duty to implement the entire petition under section 152.072.  The Commissioners Court filed a plea to the jurisdiction, arguing that the district court had no jurisdiction over Bonnin’s suit because the Commissioners Court had not abused its discretion by refusing to implement anything beyond the language included on the ballot.  After a hearing, the district court denied the plea to the jurisdiction. 

Standard of Review

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.
  Tex. Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999);
 Archibeque v. N. Tex. State Hosp.—Wichita
 
Falls
, 115 S.W.3d 154, 157 (Tex. App.—Fort Worth 2003, no pet.).  Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.  
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, no pet.).  The plaintiff has the burden to plead facts that affirmatively establish the trial court’s subject matter jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  Although the claims may form the context in which a plea to the jurisdiction is raised, the plea should be decided without delving into the merits of the case.  
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000). 

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court’s jurisdiction to hear the case.  
Tex. Dep’t of Parks and Wildlife v. Miranda
, 133 S.W.3d 217, 226-27 (Tex. 2004); 
Tex. Ass’n of Bus.
, 852 S.W.2d at 446.  An appellate court must take the allegations of the plaintiff’s petition as true and construe them liberally in the pleader’s favor, looking to the pleader’s intent.  
Miranda
, 133 S.W.3d at 226.  If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. 
 Id
. at 228.   However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.  
Id
.

Discussion

In its first issue, the Commissioners Court argues that the district court lacks jurisdiction over the underlying declaratory judgment action because, says the Commissioners Court, it has fulfilled its statutory duty by adopting the minimum salaries submitted to the electorate on the ballot.

Authority of the Commissioners Court

The Texas Constitution provides that the commissioners court “shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.”  
Tex. Const
. art. V, § 18.  Thus, the Texas Constitution establishes the commissioners court as the county’s principal governing body.  
Comm’rs Court of Titus County v. Agan
, 940 S.W.2d 77, 79 (Tex. 1997).  The powers and duties of the commissioners courts include aspects of legislative, executive, administrative, and judicial functions.  
Id.
  In the exercise of its powers and jurisdiction over county business, the commissioners court has implied authority to exercise broad discretion to accomplish the purposes intended.  
Canales v. Laughlin
, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); 
Cosby v. County Comm’rs of Randall County
, 712 S.W.2d 246, 248 (Tex. App.—Amarillo 1986, writ ref’d n.r.e.).

The District Court’s Appellate and Supervisory Jurisdiction

Article 5, section 8 of the Texas Constitution gives district courts appellate jurisdiction and supervisory control over county commissioners courts:  “The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.”  
Tex. Const. 
art. V, § 8.  The legislation enabling the district court repeats the words of article 5, section 8.  
Tex. Gov’t Code Ann.
 § 24.020 (Vernon 2004).

Case law defines the scope of the district court’s jurisdiction.  
Agan,
 940 S.W.2d at 80.  A party can invoke the district court’s constitutional supervisory control over a commissioners court judgment only when the commissioners court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the commissioners court by law.  
Id.
  If the commissioners court acts illegally, unreasonably, or arbitrarily, a district court may so adjudge.  
Id
.  But in reviewing a commissioners court judgment for abuse of discretion, the district court has no right to substitute its judgment and discretion for that of the commissioners court.  
Id
.  The district court may order the commissioners court to exercise its discretion, but it cannot tell the commissioners what decision to make.  
Id.  
Once the commissioners court exercises its discretion, the district court may review the order for abuse of discretion.  
Id.

Analysis

We reiterate at the outset of our analysis that the issue before us is the jurisdiction of the district court, not the merits of the underlying claim.  
See Jones
, 8 S.W.3d at 638. 
 The briefs of the parties conflate the issues of jurisdiction and the merits of Bonnin’s suit.  The question is not whether the Commissioners Court has a duty to implement all provisions of the petition, but whether the district court has the jurisdiction to answer that question.  Accordingly, we will focus on the issue of jurisdiction.

The gist of the Commissioners Court’s plea to the jurisdiction is that the district court has no jurisdiction over Bonnin’s declaratory judgment claim because the Commissioners Court has complied with the letter of section 152.072.  It argues that unless Bonnin pleads a prima facie abuse of discretion or illegal act on the part of the Commissioners Court, the district court has no jurisdiction over his claim.  While we agree with this latter premise regarding the pleading required to invoke the district court’s supervisory jurisdiction, we disagree with the Commissioners Court’s conclusion.

We look to Bonnin’s petition to determine whether he alleged facts that affirmatively demonstrate the district court’s jurisdiction to hear his cause.  
See Miranda
, 133 S.W.3d at 226.  Bonnin pleaded the facts set forth above, namely, that the Association obtained the requisite number of signatures on its section 152.072 petition, that the Commissioners Court submitted the minimum salary proposal to the voters on a ballot that set out some but not all of the provisions of the petition, that the voters approved the proposal, and that the Commissioners Court refused to implement those provisions of the petition that were not included on the ballot.  Bonnin seeks a declaration as to whether the Commissioners Court has a mandatory legal duty to implement the proposal as set forth in the petition.  Connecting the dots between the facts alleged by Bonnin and the declaration he seeks, the crux of Bonnin’s complaint is that the Commissioners Court failed to comply with a mandatory duty imposed by law; in other words, that the Commissioners Court committed an illegal act by refusing to implement the entire petition.  Therefore, Bonnin has alleged an illegal act by the Commissioners Court, an allegation over which the district court has jurisdiction.  
See Agan
, 940 S.W.2d at 80.

The Commissioners Court argues that, as a matter of law, it has no duty to implement any part of the petition beyond the minimum salaries set forth on the ballot and, therefore, that its refusal to implement anything beyond those minimum salaries is not an “illegal act.”  In support of this argument, the Commissioners Court cites 
In re Bailey
, 975 S.W.2d 430 (Tex. App.—Waco 1998, orig. proceeding)
 and
 In re Link
, 45 S.W.3d 149 (Tex. App.—Tyler 2000, orig. proceeding)
—the only two reported cases dealing with section 152.072.  In 
Bailey
, members of the Navarro County sheriff’s department circulated a section 152.072 petition that set minimum salaries and provided for seniority pay and a salary step plan.  
Bailey
, 975 S.W.2d at 431.  The commissioners court set for election only that part of the petition that concerned minimum salaries.  
Id.
  A deputy sheriff sought a writ of mandamus from the court of appeals compelling the commissioners court to set the entire petition for election.  
Id.  
The Waco court of appeals held that the commissioners court did not have a “clear duty” to include the petition’s seniority and salary-step provisions on the ballot because those provisions “arguably exceeded the limits of section 152.072.”  
Id
. at 432.  A similar question arose in 
Link.
  There, members of the Anderson County Sheriff’s Department circulated a section 152.072 petition and obtained the required number of signatures.  
Link
, 45 S.W.3d at 151.  The Anderson County commissioners court declared that the petition was “legally insufficient” and refused to set it for election.
(footnote: 2)  
Id.
  A member of the sheriff’s department sought a writ of mandamus from the court of appeals to compel the commissioners court to set the proposal for election.  
Id.  
The court of appeals held that the commissioners court had a legal duty to submit the petition to the voters.  
Id.
 at 156.  Notably, the court also observed in dicta that the appropriate method to resolve a dispute about the interpretation of a section 152.072 petition was a declaratory judgment action after the election.  
Id.

We reject the Commissioners Court’s argument and find its reliance in 
Bailey
 and 
Link
 misplaced.  First, we note again that the Commissioners Court conflates the issue of jurisdiction with the merits of Bonnin’s claim.  Second, the issue in 
Bailey
 and 
Link
 was the commissioners court’s duty to set a section 152.072 petition for election, but the issue in Bonnin’s claim is the commissioners court’s duty 
after
 the election is held.  Third, neither 
Bailey
 nor 
Link 
address the narrow issue before us, the jurisdiction of the district court.  While 
Bailey
 and 
Link
 may be relevant to the 
merits
 of Bonnin’s suit, they are irrelevant on the issue of jurisdiction.

We hold that Bonnin pleaded facts and a cause of action within the district court’s jurisdiction.  We overrule the Commissioners Court’s first issue.

The Commissioners Court’s Second and Third Issues

In its second issue, the Commissioners Court argues that section 152.072 does not authorize an election on anything other than a minimum salary increase.  In its third issue, it argues that a petition that exceeds the scope of section 152.072 imposes no duty on the Commissioners Court.  Both of these issues go to the merits of Bonnin’s suit, not the question of jurisdiction.  Bonnin argues that issues two and three are not properly before this court.  We agree.  Because this appeal involves only the issue of jurisdiction, we overrule the Commissioners Court’s second and third issues.

Conclusion

Having overruled all three of the Commissioners Court’s issues, we affirm the trial court’s order denying the Commissioners Court’s plea to the jurisdiction.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: December 15, 2005

FOOTNOTES
1:
Appellee sued both Wichita County and the Wichita County Commissioners Court, and both appeal from the trial court’s order.  For simplicity, we will refer to both Appellants as “the Commissioners Court” in this appeal.

2:
The
 Link
 opinion is unclear as to why the commissioners court thought the petition was insufficient, but apparently it included measures beyond minimum salaries.  
See id.
 at 152.