IN RE C.A.P.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-342-CV

IN THE INTEREST OF 

C.A.P., JR. AND M.M.P., CHILDREN 

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Cody Allen P., Sr. appeals from the trial court’s dismissal of his Petition to Modify Parent-Child Relationship from Standard Possession to Extended Possession of the Children for failure to state a cause of action.  In his sole issue, appellant contends that the trial court erred by dismissing his petition because, although section 153.317 of the Texas Family Code does not provide for a separate cause of action for modification of a possession order, section 153.317 does not prohibit such an action either.  We affirm.

II. Background Facts and Procedural History  

On November 2, 2000, the trial court entered an order appointing both appellant and appellee, April Lynn K., as joint managing conservators of their two children, C.A.P., Jr. and 
M.M.P., in an initial suit establishing the parent-child relationship brought by appellee against appellant as the children’s alleged father.
(footnote: 1) 
 See
 Tex. Fam. Code Ann.
 § 152.102(8) (Vernon 2002).
  About five years later, the trial court heard appellee’s Suit to Modify the Parent-Child Relationship and to establish and acquire past-due child support, clarify insurance and health care obligations, increase the amount of child support appellant paid to her, and enter wage withholding.  The trial court granted appellee’s motion and entered a corresponding order on the same date, November 29, 2005. 

Two months later, in January 2006, appellant filed a Petition to Modify Parent-Child Relationship seeking an Extended Possession Order under section 153.317 of the Texas Family Code.
(footnote: 2)  
See id.
 
§ 153.317 (Vernon Supp. 2006)
. Appellee filed an answer and special exceptions on March 6, 2006, arguing that appellant failed to timely request extended possession under section 153.317 because he should have requested it “
before or at the time
” of the hearing two months earlier.
(footnote: 3)  Further, appellee asserted that there had been no substantial and material change in circumstances since the modification two months earlier that would justify further modification
.  Appellant filed his First Amended Petition to Modify Parent-Child Relationship on March 28, 2006, stating that a substantial and material change in circumstances had occurred since the previous modification because the children were older and were now both in school.
(footnote: 4)  Appellee filed her First Amended Original Answer with special exceptions on June 27, 2006, maintaining the arguments contained in her Original Answer.  The trial court conducted a hearing, sustained appellee’s special exception number five, ruled appellee’s special exception number four moot, and ordered appellant to replead.
(footnote: 5)  When appellant failed to replead, the trial court struck appellant’s pleadings, then granted a dismissal. 

III. Texas Family Code Section 153.317

Appellant contends that the trial court erred by dismissing his petition because a possessory conservator can sue to modify a possession order from standard visitation to extended visitation under family code section 153.317 independently of a suit to modify.  
See id.
  Appellee responds that under section 153.317, a possessory conservator must elect extended visitation “before or at the time of the rendition of the original or modification order.”  
Id
. 
 
Appellee contends that such an election is also a compulsory counterclaim.  Therefore, according to appellee, the trial court did not err by dismissing appellant’s motion to modify because a possessory conservator cannot bring an 
independent
 cause of action to modify a possession order.  Both parties request interpretation of section 153.317.

A. Standard of Review

This is an issue of first impression.  Statutory construction is a legal question that we review de novo, ascertaining and giving effect to the legislature’s intent as expressed by the plain and common meaning of the statute’s words.  
Tex. Gov’t Code Ann.
 § 312.002 (Vernon 2005);
 F.F.P. Operating Partners, L.P. v. Duenez
, No. 02-0381, 2007 WL 1376357, at *2 (Tex. Nov. 30, 2005)
; 
Tex. Dep’t of Transp. v. City of Sunset Valley
, 146 S.W.3d 637, 642 (Tex. 2004)
.  We begin with the statute’s plain language because we assume that the legislature tried to say what it meant and, thus, that its words are the surest guide to its intent.  
Fitzgerald v. Advanced Spine Fixation Sys., Inc.
, 996 S.W.2d 864, 865-66 (Tex. 1999).  In ascertaining legislative intent, we do not confine our review to isolated statutory words, phrases, or clauses, but we instead examine the entire act. 
 Meritor Auto., Inc. v. Ruan Leasing Co.
, 44 S.W.3d 86, 90 (Tex. 2001); 
Rodgers v. Comm’n for Lawyer Discipline
, 151 S.W.3d 602, 614 (Tex. App.—Fort Worth 2004, pet. denied).  We may also consider, among other things, the statute’s objectives, common law, former law, and similar provisions, and the consequences of the statutory construction.  
Tex. Gov’t Code Ann
. § 311.023(1)-(7) (Vernon 2005).

It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.  
See Quick v. City of Austin
, 7 S.W.3d 109, 123 (Tex. 1998); 
Laidlaw Waste Sys., Inc. v. City of Wilmer
, 904 S.W.2d 656, 659 (Tex. 1995).  Likewise, every word excluded from a statute must also be presumed to have been excluded for a purpose.  
Quick
, 7 S.W.3d at 123; 
Laidlaw Waste Sys., Inc.
, 904 S.W.2d at 659.  

Further, it is well established in Texas that when provisions of the same statute may be in conflict, courts should harmonize them to give effect to both by assigning each a meaning that will permit each to stand.  
See Helena Chem. Co. v. Wilkins
, 47 S.W.3d 486, 493 (Tex. 2001); 
Valero Transmission Co. v. Hays Consol. ISD
, 704 S.W.2d 857, 864 (Tex. App.—Austin 1985, writ ref’d n.r.e.).  A court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the same act, even though it might be susceptible to such a construction standing alone.  
See
 
Tex. Dep’t of Transp. v. Needham
, 82 S.W.3d 314, 318 (Tex. 2002); 
Clint ISD v. Cash Invs., Inc.
, 970 S.W.2d 535, 539 (Tex. 1998).
  
Further, when a general statutory provision conflicts with a more specific provision, “the provisions shall be construed, if possible, so that effect is given to both.”  
Tex. Gov’t Code Ann
. § 311.026(a).  If the conflict between a general provision and a more specific provision is irreconcilable, “the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.”  
Id
. § 311.026(b); 
City of Dallas v. Mitchell
, 870 S.W.2d 21, 22 (Tex. 1994).

B. Analysis

Appellant seeks guidance on whether sections 153.001,
(footnote: 6) 153.002,
(footnote: 7) 153.251,
(footnote: 8) and 153.252
(footnote: 9) of the family code take precedence over section 153.317 in situations in which it is in the best interest of the child to extend visitation.  
Applying the principles of statutory construction, we conclude that sections 153.001, 153.002, 153.251, and 153.252 can be harmonized with section 153.317 to give effect to all sections.  After interpreting section 153.317 in light of these sections and giving full effect to the extent possible to all sections, we conclude and hold that section 153.317 requires trial courts to grant extended visitation when section 153.317's conditions have been met, unless it is not in the best interest of the child.  
See 
Duenez
, 2007 WL  1376357, at *2
; 
City of Sunset Valley
, 146 S.W.3d at 642
.  

First, we note that all of these provisions are contained within Chapter 153 of the Texas Family Code entitled, “Conservatorship, Possession, and Access.”  Section 153.001 contains a general statement regarding the public policy of the state in relation to conservatorship, possession, and access to a child. 
 See
 Tex. Fam. Code Ann.
 §
 153.001.  Section 153.002 requires the court to always put the child’s best interest first in matters of possession and access to the child.  
Id
.
 
§ 153.002
.
  Section 153.252 merely creates a rebuttable presumption that the standard possession order is in the best interest of the child, and section 153.317 sets forth additional or extended visitation that may be available to the possessory conservator of school-age children.  
See id
.
 §§
 153.252, 153.317. 

While section 153.317 
appears
 to conflict with sections 153.002 and 153.252, section 153.252 merely provides that there is a rebuttable presumption that the standard possession order is in the best interest of the child; section 153.002 provides that the best interest of the child shall 
always
 be the 
primary consideration 
of the court in determining issues of conservatorship, possession, and access.  
See id. 
§§
 153.002, 153.252
. 
 
We note that section 153.317, which specifically enumerates the circumstances in which a court 
must
 grant extended possession to a possessory conservator, does not contain its own best interest requirement. 
 
See id. 
§
 153.317.  However, section 153.317 is contained within the same chapter as section 153.002 and is therefore governed by the “general provisions” that clearly state that the public policies and best interest standards are to be paramount.  

Moreover, section 153.317 provides that a possessory conservator is entitled to extended visitation if (1) the child is enrolled in school, (2) the possessory conservator asks for extended visitation, and (3) the possessory conservator does so either 
before
 or 
at the time of 
rendition of the original or modification order.
(footnote: 10)  
See
 
id.
 
 By expressly stating in section 153.317 that a possessory conservator is entitled to extended visitation if he asks for it 
before
 or 
at the time of 
the rendition of the original or modification order, we must assume that the exclusion of the time period 
after
 the rendition of the original or modification order was intentional on the part of the legislature.
  See 
Tex. Gov’t Code Ann
.
 § 312.002; 
Quick
, 7 S.W.3d at 123; 
Laidlaw Waste Sys., Inc.
, 904 S.W.2d at 659.
  Thus, the legislature purposefully limited the application of section 153.317 to extended visitation requests occurring 
before
 or 
at the time of 
rendition of the original or a subsequent modification order.  
See Quick
, 7 S.W.3d at 123; 
Laidlaw Waste Sys., Inc.
, 904 S.W.2d at 659.
  In doing so, the legislature ensured that the best interest of the child would be considered by the court when granting requests for extended possession under section 153.317 because the court is already considering the best interest of the child at possessory and modification  hearings. 
 See
 
 Tex. Fam. Code Ann.
 § 153.002; 
In re R.T.H.
, 175 S.W.3d 519, 522 (Tex. App.—Fort Worth 2005, no pet.) (stating that best interest of child must always be trial court’s primary concern at modification hearing). 

Because the best interest of the child is already a consideration of the trial court at modification hearings, and because conclusions regarding extended visitation are made at these hearings, we conclude and hold that if a court determines extended visitation to be in a child’s best interest, and the applicant has met the statutory prerequisites under section 153.317, then applicant should be entitled to extended visitation.  We turn to these requirements now. 

Because of our interpretation, we do not agree with appellant that a possessory conservator can bring an independent cause of action seeking extended visitation under section 153.317.  Instead, we conclude that section 153.317 permits a possessory conservator to seek alternative, extended visitation times 
before 
or 
at the time
 of rendition of an original or subsequent modification order; the language itself presupposes an action is still pending.
 
 If a possessory conservator fails to ask for extended visitation under section 153.317 until after the modification order is issued, then the request is untimely by virtue of the statute itself.  
Generally, a possessory conservator may seek a modification
 
of a possession order 
under section 156.101 only when modification is otherwise justified under one of the three enumerated grounds: (1) the circumstances of the child or other party affected by the order have materially and substantially changed; (2) the child is at least twelve years old and wishes to change his or her primary residence; or (3) the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.  
See
 
Tex. Fam. Code Ann.
 §
 156.101 (Vernon Supp. 2006).  Thus, we conclude and hold that a request for extended visitation must be requested before or at a hearing on a modification request that meets these statutory prerequisites as well.  

Here, appellant’s First Amended Petition to Modify Parent-Child Relationship is an insufficient attempt to comply with section 156.101(1).  Appellant pled that the children’s circumstances have materially and substantially changed since the November 29, 2005 modification order because 

[t]he children are older and have reached a maturity level where it is no longer necessary for them to be under the constant supervision of their mother.  [C.A.P., Jr.] is age 7 and in the second grade and [M.M.P.] is age 5 and in kindergarten.

Appellant’s pleading was filed on March 28, 2006, only four months after the November 2005 modification order was entered and during the same school year.  In order words, when the November 2005 modification order was entered, the children were in school and in the same grades (second grade and kindergarten) as they were when appellant’s amended petition to modify was filed.  Further, appellant’s pleading states that the children’s birthdays are in September and October; therefore, they were the same ages in March 2006 as they were when the November 2005 order was entered: seven and five.  Accordingly, on its face, appellant’s First Amended Petition to Modify Parent-Child Relationship fails to state a cause of action—i.e., a claim for modification for possession under section 156.101 due to changed circumstances.  
See id. 
 When appellant failed to replead after being given an opportunity to do so, the trial court properly dismissed the petition.  

Regardless, we do not agree with appellee’s assertion that a request for extended visitation under section 153.317 is a compulsory counterclaim.
(footnote: 11) Section 153.317 permits a possessory conservator to 
ask 
for extended visitation before or at the time of the rendition of the original 
or
 a modified order.  
Id
. §
 153.317.  If a claim under section 153.317 for extended visitation were compulsory, a possessory conservator would be barred from bringing it at the time of rendition or from ever bringing it after the rendition of the original order.
  See 
Tex. R. Civ. P.
 63; 
Weiman v. Addicks-Fairbanks Road Sand Co.
, 846 S.W.2d 414, 418 (Tex. App.—Houston [14th
 Dist.] 1992, writ denied) (stating that if a claim is brought against a party and that party shows that the claim was a compulsory counterclaim against him or her in a prior suit between the parties, the claim is precluded). 
The statute clearly allows a possessory conservator to ask for extended visitation 
before or at the original hearing 
or
 before or at any subsequent modification hearing.  
See
 
Tex. Fam. Code Ann.
 § 153.317. 
 Therefore, we conclude and hold that a claim for extended visitation is not a compulsory counterclaim in the traditional sense.  Regardless, appellant failed to ask for extended possession under section 153.317 either 
before
 or 
at the time of 
rendition of the modification order; he sought extended possession 
after
 the rendition of the original and modification order.  Therefore, appellant did not fulfill the requirements for extended possession under section 153.317.  Thus, we conclude that the trial court correctly dismissed appellant’s petition.  
 

IV. Conclusion

Because appellant failed to timely request extended visitation 
before
 or 
at the time of
 rendition of the original or modification order under section 153.317, the trial court did not err by dismissing appellant’s 
Petition to Modify Parent-Child Relationship from Standard Possession to Extended Possession of the Children.
 
 
Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL B:
 
LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED:
 August 16, 2007

FOOTNOTES
1:
Joint managing conservators share the rights and duties of a parent, even if the exclusive right to make certain decisions may be awarded to one party.  
Tex. Fam. Code Ann.
 § 101.016 (Vernon 2002).
  

2:
Under the standard possession order, appellant’s period of possession began at 6:00 p.m. on the first, third, and fifth Fridays of each month and ended at 6:00 p.m. on the following Sunday.  Appellant was seeking to begin his period of possession at the time the children’s school was regularly dismissed rather than at 6:00 p.m.  Appellant also sought possession of the children on Thursday nights starting when the children’s school regularly dismissed and ending when school resumed Friday morning.  There is nothing in the record showing that appellant’s summer visitation time with the children would have been adjusted.
  

3:
Section 153.317 provides as follows:

If a child is enrolled in school and the possessory conservator elects 
before or at the time of the rendition of the original or modification order
, the standard order must expressly provide that the possessory conservator’s period of possession shall begin or end, or both, at a different time expressly set in the standard order under and within the range of alternative times provided by one or both of the following subdivisions:

(1) instead of a period of possession by a possessory conservator beginning at 6 p.m. on the day school recesses, the period of possession may be set in the standard possession order to begin at the time the child’s school is regularly dismissed or at any time between the time the child’s school is regularly dismissed and 6 p.m.; and

(2) except for Thursday evening possession, instead of a period of possession by a possessory conservator ending at 6 p.m. on the day before school resumes, the period of possession may be set in the standard order to end at the time school resumes.

Tex. Fam. Code Ann
 § 153.317 
(emphasis added).

4:
It is unclear from the record exactly why appellant wanted extended visitation or when the children started school.  

5:
Appellee’s special exception number four stated that appellant failed to establish that there had been a material and substantial change in circumstances since the last modification order.  Appellee’s special exception  number five stated that section 153.317 does not provide for a separate cause of action for modification of a possession schedule. 

6:
Section 153.001 provides as follows:

(a) The public policy of this state is to:

 (1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;

(2) provide a safe, stable, and nonviolent environment for the child; and

(3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

(b) A court may not render an order that conditions the right of a conservator to possession of access to a child on the payment of child support.
 

Tex. Fam. Code Ann.
 § 153.001 
(Vernon 2002)
.

7:
Section 153.002 provides, “The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.”  
Id
.
 § 153.002.

8:
Section 153.251 provides as follows:

(a) The guidelines established in the standard possession order are intended to guide the courts in ordering the terms and conditions for possession of a child by a parent named as a possessory conservator or as the minimum possession for a joint managing conservator.

 (b) It is the policy of this state to encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child.

 (c) It is preferable for all children in a family to be together during periods of possession.

(d) The standard possession order is designed to apply to a child three years of age or older.

Id
. 
§ 153.251
.

9:
Section 153.252 provides as follows
:

In a suit, there is a rebuttable presumption that the standard possession order in Subchapter F: 

(1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and

(2) is in the best interest of the child.

Id
.
 
§ 153.252
.

10:
When analyzing the words of a statute to ascertain legislative intent, we give the words their ordinary meaning.  
Tex. Gov’t Code Ann
.
 § 312.002.
 
 

11:
There are six elements to a compulsory counterclaim: (1) the claim must arise from the same transaction or occurrence as gave rise to the main cause of action; (2) the claim must be mature and owned by the counter claimant; (3) the claim must be against an opposing party in the same capacity; (4) the claim must not require a third party who cannot be brought into the suit; (5) the claim must be within the court’s jurisdiction; and (6) the claim must not be pending elsewhere.  
Tex. R. Civ. P
. 97(a).