

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-156-CV

WICHITA COUNTY AND WICHITA                                    APPELLANTS
COUNTY COMMISSIONERS COURT


V.


DARYL LEE BONNIN                                                  APPELLEE


------------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION ON REHEARING

------------

Upon consideration of appellee Daryl Lee Bonnin's motion for rehearing,

we deny the motion; however, we withdraw our opinion and judgment of June

19, 2008, and substitute the following to make nondispositive clarifications.

**Introduction**

This is a suit by a Wichita County jailer seeking to enforce all the terms

of a petition related to the sheriff's department employees' salaries after voters

approved a ballot that included only portions of the items in the petition.

Appellants Wichita County and the Wichita County Commissioners Court appeal the trial court's grant of appellee's motion for summary judgment and denial of appellants' motion for summary judgment in appellee's declaratory judgment suit. In five issues, appellants argue that the trial court erred (1) by failing to make a predicate finding that appellants abused their discretion before granting appellee relief, (2) by deciding that the entire petition, including portions not included on the ballot, should be implemented, (3) by construing section 152.072 of the local government code as authorizing a referendum on issues other than a one-year minimum salary for each position in the department, (4) by imposing obligations on appellants that would violate constitutional prohibitions, and (5) by awarding attorney's fees to appellee. We reverse the trial court's summary judgment in favor of appellee and render summary judgment in favor of appellants; however, we remand the case to the trial court for a determination on attorney's fees.

### Background Facts

In 2004, the Wichita County Sheriff's Department Employees Association (Association) circulated a petition to increase the minimum salary of each sheriff's department employee under local government code section 152.072. *See* Tex. Loc. Gov't Code Ann. § 152.072 (Vernon 2008). In addition to including a proposed minimum salary, or "start pay," for each position within

2

the sheriff's department, the petition also included a proposed minimum annual salary for one to six year veterans in each position (i.e., a minimum salary based not only on the position but also on years of service within that position) and increases in annual salary for each year in a position, up to six years of service.[1]   In addition, the petition provided that each sheriff's department employee would be entitled to longevity pay in addition to the proposed minimum salaries.

After collecting the required signatures, the Association presented the petition to appellants, who opted to call an election on the petition.  The county judge and county clerk decided that the entire petition—minimum start pay salaries for each position, minimum annual salaries for years of service within each position, and longevity pay—should be listed on the ballot.  However, the printer could not fit the entire petition on the ballot.  Eventually, appellants decided to submit the following language on the ballot:

> Proposition: Adoption of the Proposed minimum salaries for the Wichita County Sheriff's Department, as follows: Chief Deputy, $40,320; Captain, $36,000; Lieutenant, $33,408; Patrol Sergeant, $30,792; Patrol Corporal, $28,500; Deputy, $26,700; Jail

---

[1] For example, a captain had a proposed minimum salary of $36,000; after one year of service, a captain had a proposed minimum salary of $37,260. Each year a captain's minimum salary would increase.  A copy of the part of the petition listing the minimum salaries and annual increases for each position is attached to this opinion as Exhibit "A."

3

Sergeant, $29,233.16; Administrative Assistant, $26,500; Records Supervisor, $26,500; Head Nurse, $30,000; Nurse, $26,500; Finance Clerk, $26,500; Records Clerk, $21,500; for members of the Sheriff's Department at an annual cost of $4,975,495.57, which may or may not cause an increase in the ad valorem property tax.

Thus, the ballot that was submitted to the voters omitted the minimum annual salary increases based on years of service within each position, as well as the longevity pay provision.[2] The electorate voted in favor of the salary increases. After the election, a dispute arose regarding whether appellants had to implement the entire petition, including the items that had been omitted from the ballot, or only the start pay minimum salaries for each position that were actually listed on the ballot and voted on by the electorate. Appellants voted not to adopt all of the provisions of the petition and instead adopted a "hybrid plan." The hybrid plan set the salary for all sheriff's department employees for the 2004-2005 year at either the start pay for each position as specified in the ballot or the salary already established by the commissioners court's 2004-2005 budget, whichever was greater.

---

[2] Before the election, County Judge Woodrow W. Gossom issued a Statement to the Public explaining that the petition may exceed the scope of the law, that the Secretary of State provided guidance to the commissioners court regarding the wording of the ballot, and that adoption of the proposals in the petition may increase county taxes.

In February 2005, appellee, a jailer with the sheriff's department, sued appellants, seeking a declaratory judgment that appellants had to implement the entire petition under local government code section 152.072. Appellants filed a plea to the jurisdiction, which the trial court denied. This court affirmed the trial court's order denying appellants' plea to the jurisdiction. *See Wichita County v. Bonnin*, 182 S.W.3d 415, 422 (Tex. App.—Fort Worth 2005, pet. denied).

Thereafter, appellants filed their original answer in the suit, and both parties filed motions for summary judgment. The trial court granted appellee's motion for summary judgment, denied appellants' motion for summary judgment, rendered a judgment declaring that section 152.072 required appellants to implement all of the provisions of the petition, and awarded appellee attorney's fees.

**Standard of Review**

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The reviewing court should render the judgment that the trial court should have rendered. *Id*.

5

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* Tex. R. Civ. P. 166a(b), (c).

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Mason*, 143 S.W.3d at 798. Questions of law are appropriate matters for summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 178 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh'g).

**Authority of the Commissioners Court**

The Texas constitution establishes the commissioners court as a county's principal governing body. Tex. Const. art. V, § 18; *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997); *Wichita County,* 182 S.W.3d at 419–20. The powers and duties of the commissioners court includes aspects of legislative, executive, administrative, and judicial functions. *Avery*

6

*v. Midland County*, 390 U.S. 474, 482, 88 S. Ct. 1114, 1119 (1968); *Agan,* 940 S.W.2d at 79; *Wichita County,* 182 S.W.3d at 420. In the exercise of its powers and jurisdiction over county business, the commissioners court has implied authority to exercise broad discretion to accomplish the purposes intended. *Wichita County*, 182 S.W.3d at 420.

The Texas constitution vests appellate jurisdiction and general supervisory control over a county commissioners court with the district court subject to such exceptions and under such regulations as the law may prescribe. *Id.; see also* Tex. Const. art. V, § 8; *Agan*, 940 S.W.2d at 79. With a few narrow exceptions, the legislature has not prescribed procedures for the district court's exercise of this appellate jurisdiction or supervisory control. *Agan*, 940 S.W.2d at 79; *Wichita County*, 182 S.W.3d at 420. The enabling legislation empowering the district court repeats the constitution's terms. Tex. Gov't Code Ann. § 24.020 (Vernon 2004); *Agan,* 940 S.W.2d at 79; *Wichita County*, 182 S.W.3d at 420.

Case law defines the scope of the district court's jurisdiction. *Agan,* 940 S.W.2d at 80; *Wichita County,* 182 S.W.3d at 420. A party can invoke the district court's constitutional supervisory control over a commissioners court judgment only when the commissioners court acts beyond its jurisdiction or

clearly abuses the discretion conferred upon the commissioners court by law. *Agan,* 940 S.W.2d at 80; *Wichita County*, 182 S.W.3d at 420.

If the commissioners court acts illegally, unreasonably, or arbitrarily, a district court may so adjudge. *Agan*, 940 S.W.2d at 80; *Wichita County,* 182 S.W.3d at 420. However, in reviewing a commissioners court's actions for abuse of discretion, the district court has no right to substitute its judgment and discretion for that of the commissioners court. *Agan*, 940 S.W.2d at 80; *Wichita County*, 182 S.W.3d at 420. The district court may order the commissioners court to exercise its discretion but cannot tell the commissioners what decision to make. *Agan,* 940 S.W.2d at 80; *Wichita County,* 182 S.W.3d at 420. Once the commissioners court exercises its discretion, the district court may review the order for abuse of discretion. *Agan,* 940 S.W.2d at 80; *Wichita County*, 182 S.W.3d at 420.

**Local Government Code Section 152.072**

Section 152.072(a) of the local government code authorizes the qualified voters of a county with a population greater than 25,000 to "petition the commissioners court of the county to increase the minimum salary of each member of the sheriff's department." Tex. Loc. Gov't Code Ann. § 152.072(a); *Wichita County*, 182 S.W.3d at 417. The petition must

8

(1) state the amount of the proposed minimum salary for each rank, pay grade, or classification;

(2) state the effective date of the proposed salary increase;

(3) designate five qualified voters to act as a committee of petitioners authorized to negotiate with the commissioners court under Subsection (g); and

(4) be signed by a number of qualified voters equal to at least 25 percent of the number of voters who voted in the most recent countywide election for county officers.

Tex. Loc. Gov't Code Ann. § 152.072(b); *Wichita County,* 182 S.W.3d at 417.

Once a petition has been filed, the commissioners court shall either

(1) adopt the proposed minimum salary stated in the petition;

(2) offer an alternative minimum salary proposal under Subsection (g); or

(3) call an election on the proposed minimum salary as provided by this section.

Tex. Loc. Gov't Code Ann. § 152.072(c); *Wichita County,* 182 S.W.3d at 417.

"If the commissioners court chooses to call an election, the only issue that may be submitted regarding the salaries of members of the sheriff's department is whether the proposed minimum salary should be adopted." Tex. Loc. Gov't Code Ann. § 152.072(d); *Wichita County,* 182 S.W.3d at 417–18. If the commissioners court opts to hold an election, it "shall be held on the first authorized uniform election date under Chapter 41, Election Code: (1) that

9

occurs after the 65th day after the date the petition was filed; and (2) on which

an election is scheduled to be held throughout the county for other purposes."

Tex. Loc. Gov't Code Ann. § 152.072(d); *Wichita County,* 182 S.W.3d at

417–18. The ballot form for the election shall be written as follows:

> Adoption of the proposed minimum salaries of _____ for
> members of the Sheriff's Department at an annual cost of _____,
> which may or may not cause an increase in the county ad valorem
> tax.

Tex. Loc. Gov't Code Ann. § 152.072(e); *Wichita County,* 182 S.W.3d at 418.

"The proposed salary for each rank, pay grade, or classification as stated in the

petition and the total annual cost of the increases must be inserted in the blank

spaces." Tex. Loc. Gov't Code Ann. § 152.072(e); *Wichita County,* 182

S.W.3d at 418. If a majority of the votes cast at the election favor the

adoption of the proposed minimum salary, the minimum salary shall take effect

on or before the date specified in the petition as the effective date. Tex. Loc.

Gov't Code Ann. § 152.072(f); *Wichita County,* 182 S.W.3d at 418.

### Statutory Construction of Section 152.072

In their second and third issues, which we will address first because they

are dispositive, appellants argue that the trial court erred by declaring that

appellants should implement the additional provisions of the petition that were

not included on the abbreviated version of the petition used on the ballot (i.e.,

10

all matters other than the start pay salaries for each position) and by determining that section 152.072 authorized a referendum on issues other than the proposed minimum salary for each position within the sheriff's department (i.e., each rank or classification of employee). Appellee, however, contends that appellants committed an illegal act by failing to implement the entire petition because the voters were entitled to consider the petition as a whole—not just the minimum start pay salaries set forth on the ballot—and did so, and because the term "minimum salary" as used in section 152.072 includes not just one minimum salary for each rank, grade, or classification, but also step increases in minimum salary *within* each rank, grade, or classification depending on years of service.

**Applicable Law**

This is an issue of first impression requiring us to construe section 152.072 of the Texas Local Government Code. Statutory construction is a legal question that we review de novo, ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words. Tex. Gov't Code Ann. § 312.002 (Vernon 2005); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007); *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *In re C.A.P., Jr.,* 233 S.W.3d 896, 900 (Tex. App.—Fort Worth 2007, no.

11

pet.).  We begin with the statute's plain language because we assume that the legislature tried to say what it meant and, thus, that its words are the surest guide to its intent.  *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999); *C.A.P.,* 233 S.W.3d at 900.  In ascertaining legislative intent, we do not confine our review to isolated statutory words, phrases, or clauses, but we instead examine the entire act.  *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001); *C.A.P.,* 233 S.W.3d at 900; *Rodgers v. Comm'n for Lawyer Discipline*, 151 S.W.3d 602, 614 (Tex. App.—Fort Worth 2004, pet. denied).  We may also consider, among other things, the statute's objectives, common law, former law, similar provisions, and the consequences of the statutory construction.  Tex. Gov't Code Ann. § 311.023(1)–(7) (Vernon 2005); *C.A.P.,* 233 S.W.3d at 900.

It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose.  *See Quick v. City of Austin*, 7 S.W.3d 109, 123 (Tex. 1998); *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995); *C.A.P.,* 233 S.W.3d at 900.  Likewise, every word excluded from a statute must also be presumed to have been excluded for a purpose.  *Quick*, 7 S.W.3d at 123; *Laidlaw Waste*, 904 S.W.2d at 659; *C.A.P.,* 233 S.W.3d at 900.

12

Further, it is well established in Texas that when provisions of the same statute may be in conflict, courts should harmonize them to give effect to both by assigning each a meaning that will permit each to stand. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *C.A.P.,* 233 S.W.3d at 900; *Valero Transmission Co. v. Hays Consol. ISD*, 704 S.W.2d 857, 864 (Tex. App.—Austin 1985, writ ref'd n.r.e.). A court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the same act, even though it might be susceptible to such a construction standing alone. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002); *Clint ISD v. Cash Invs., Inc.*, 970 S.W.2d 535, 539 (Tex. 1998); *C.A.P.,* 233 S.W.3d at 900. Further, when a general statutory provision conflicts with a more specific provision, "the provisions shall be construed, if possible, so that effect is given to both." Tex. Gov't Code Ann. § 311.026(a) (Vernon 2005); *C.A.P.,* 233 S.W.3d at 900. If the conflict between a general provision and a more specific provision is irreconcilable, "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." Tex. Gov't Code Ann. § 311.026(b); *City of Dallas v. Mitchell*, 870 S.W.2d 21, 22 (Tex. 1994); *C.A.P.,* 233 S.W.3d at 900.

When a statute is clear and unambiguous, we "should give the statute its common meaning." *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997); *Teague v. City of Jacksboro*, 190 S.W.3d 813, 817 (Tex. App.—Fort Worth 2006, pet. denied). When language in a statute is unambiguous, we will seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Agbor*, 952 S.W.2d at 505; *Teague*, 190 S.W.3d at 817. We are to interpret words and phrases in context and construe them according to rules of grammar and common usage. Tex. Gov't Code Ann. § 311.011 (Vernon 2005). We do not need to resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous. *Agbor*, 952 S.W.2d at 505; *Cail v. Serv. Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983); *Teague*, 190 S.W.3d at 817. When a statute fails to define a term, we apply and use its plain meaning. Tex. Gov't Code Ann. § 312.002 (instructing appellate court to use words' ordinary meanings); *Teague*, 190 S.W.3d at 817. We should not adopt a construction that would render a law or provision meaningless. *Teague*, 190 S.W.3d at 817.

**Analysis**

Appellants contend that section 152.072 allows voters to consider only the issue of whether one proposed minimum salary for each position within the department should be adopted. Appellee argues that the "proposed minimum

14

salary" language of the statute does not limit what can be submitted to the voters to one proposed minimum salary for each position and, furthermore, does not prohibit additional issues other than a proposed minimum salary from being considered. Additionally, on rehearing, appellee urges this court to construe the term "proposed minimum salary" as used in the statute to mean not only a minimum salary for each position within the department (i.e., the start pay listed for each position in the petition) but also increased annual minimum salaries within each position based on years of service (i.e., in the terms used in the statute, proposed minimum salaries within each rank, grade, or classification).[3]

As previously set forth, subsection (d) provides that "if the commissioners court chooses to call an election, the *only issue* that may be submitted regarding the *salaries* . . . of the sheriff's department is whether the *proposed minimum salary should be adopted*." Tex. Loc. Gov't Code Ann. § 152.072(d) (emphasis added). Here, the plain language of the statute provides that "the only issue" that the voters can consider is "whether the proposed minimum

---

[3] In his motion for rehearing, appellee also disagrees with this court's determination that "step salary increases that apply over several years" are not included within the term "proposed minimum salary"; however, for purposes of rehearing, appellee asks this court "to consider the petition's minimum proposed salaries determined by position and years of service."

15

salary should be adopted." *Id*. If the legislature had intended for other issues regarding the salaries of members of the sheriff's department to be determined by the voters of the county, it could have expressly designated those issues in the statute. However, in this case, the legislature decided that the only issue that could be submitted to the voters of Wichita County was whether the proposed minimum salary should be adopted.

Moreover, section 152.072(e) sets forth the precise language that must be used on the ballot. *Id.* § 152.072(e) (requiring ballot to be printed to provide for voting for or against the proposition as follows: "Adoption of the proposed minimum salaries of _____ for members of the Sheriff's Department at an annual cost of _____, which may or may not cause an increase in the county ad valorem tax."). This language refers only to the adoption of a proposed minimum salary. By providing exact ballot language, the statute implicitly excludes other issues from being submitted on the ballot. *See id.*; *Mid-Century Ins. Co. of Tex. v. Kidd,* 997 S.W.2d 265, 273 (Tex. 1999) (explaining doctrine of *expressio unius est exclusio alterius*, the maxim of one implies the exclusion of others). Thus, our interpretation of section 152.072 is consistent with the limitations of the statute.

Appellee, however, argues that the language of the statute as a whole does not impose such limitations. For example, subsection (b) states, "A

16

petition under this section must . . . ," and then it lists the requirements for a valid petition. Tex. Loc. Gov't Code Ann. § 152.072(b). Appellee contends that the term "must" in subsection (b) creates a condition precedent, thereby allowing other provisions to be included in the petition as long as the specified requirements in subsection (b) are met. Thus, according to appellee, so long as the petition includes the required items in subsection (b), all items included in the petition and voted on by the electorate must be implemented by the commissioner's court in accordance with subsection (f). But this argument is inconsistent with the other plain language of the statute we have noted above, which specifies that the only salary-related issue that may be submitted to the voters is whether the proposed minimum salary for each rank, grade, or classification should be adopted. *Id.* § 152.072(d).

Additionally, appellee argues that section 152.072 conflicts with section 152.011, which states that the "commissioners court of a county shall set the amount of the compensation . . . for county employees." *Id.* § 152.011 (Vernon 2008). According to appellee, because section 152.072 grants the public "a right to get involved" in setting salaries for sheriff's department employees, "control over salaries of sheriff's department employees can be taken out of the hands of the commissioner's court." Applying the principles of statutory construction to section 152.072 as a whole, we conclude that

17

section 152.011 can be harmonized with section 152.072 to give effect to all sections. While section 152.072 appears to be in conflict with section 152.011 because section 152.011 vests the commissioners court with the responsibility of establishing county employees' salaries, section 152.072 merely provides voters with the ability to petition for, and vote on, a narrow issue with respect to sheriff's department employees' salaries—whether there should be an increase in the proposed minimum salary for each rank, grade, or classification that has already been set by the commissioners court. *See* Tex. Gov't Code Ann. § 311.026 (stating that provisions shall be construed, if possible, so that effect is given to both). Indeed, section 152.072(c)–(d) preserves the discretion of the commissioners court regarding the salary issue, providing that it is up to that body to decide whether to implement such a petition, offer an alternative to the petition, or call an election on the proposed minimum salary in the petition. Tex. Loc. Gov't Code Ann. § 152.072(c)–(d).

After interpreting section 152.072 in accordance with well-established principles of statutory construction and giving full effect to the extent possible to all sections, we conclude and hold that the language of section 152.072(d) mandates that the only issue that may be submitted to voters regarding the salaries of employees of the sheriff's department is whether the proposed minimum salary for each rank, grade, or classification should be adopted,

18

precluding the submission of any other salary-related issue to the voters. Tex. Loc. Gov't Code Ann. § 152.072(d).

We also disagree with appellee's proposed interpretation of the meaning of "proposed minimum salary" as used in section 152.072. Throughout section 152.072, the term "proposed minimum salary" is used as opposed to "proposed minimum salaries." The only exception to this usage is in subsection (e) regarding the ballot format; because this language is meant to include a list of proposed minimum salaries for each position included in the applicable petition, it makes sense that "salaries" should be in the plural in this subsection. However, we conclude that the legislature's use of the singular, "proposed minimum salary for each rank, grade, or classification" is significant.

According to appellee's construction, "proposed minimum salary" can include an annual minimum salary based not only on position, but also years of service within a position, because section 152.072 provides for a mechanism to "increase the minimum salary of each member of the sheriff's department." *Id*. § 152.072(a). Appellee contends that this means the minimum salary can be different for each employee within a position based on years of service. But because of the legislature's careful use of the singular term, "proposed minimum salary," and its use of the connector "or" between rank, grade, or classification, we conclude that the more correct interpretation is that the

19

legislature intended only for there to be one proposed minimum salary, a floor, within each position for which a minimum salary is proposed, i.e., one minimum salary for each member of the sheriff's department within each rank, grade, or classification. This may not increase each sheriff's department employee's minimum salary from what the employee had previously been earning (because the commissioners court, in its discretion, may have set that employee's salary higher than the existing minimum pay for that position), but it will provide an increased minimum salary, or floor, for that position below which that employee's salary cannot fall. We conclude and hold that this interpretation of "proposed minimum salary" most accurately construes the legislature's intention in enacting section 152.072.

Moreover, we further conclude that the term "proposed minimum salary" does not include longevity pay that is either statutorily authorized or mandated or which the commissioners court decides, in its discretion, to provide. Section 152.074 of the local government code provides some guidance. It provides that in a county of 150,000 or more, the commissioners court shall provide each commissioned deputy of the sheriff's department with longevity pay "in addition to the deputy's regular compensation." *Id*. § 152.074(a). This is some indication that the legislature considers such longevity pay to be in addition to regular compensation and, therefore, in addition to a proposed

20

minimum salary. Accordingly, we conclude and hold that the term, "proposed minimum salary for each rank, pay grade, or classification," as used in section 152.072 does not include any component of salary other than one minimum salary, excluding additional longevity pay, for each classification of employee within the department.

Here, the Association's petition proposed a minimum salary for each member of the sheriff's department based on years of service within each position. While section 152.072 provides voters with the ability to establish one minimum salary that is guaranteed to members of the sheriff's department within each position, the statute does not enable voters to create yearly automatic salary increases under the guise of minimum salaries within each rank, pay grade, or classification based on years of service.

Because the only issue that the voters of a county are authorized to consider under section 152.072 is whether the proposed minimum salary should be adopted and because the proposed minium salary does not include varying minimum salaries based on years of service within a single position or longevity pay, we hold that appellants did not abuse their discretion in refusing to implement provisions of the petition not authorized by section 152.072.[4]

_____

[4] In his motion for rehearing, appellee cites *In re Link*, 45 S.W.3d 149 (Tex. App.—Tyler 2000, no pet.), *Arenas v. Bd. of Comm'rs of the City of*

21

Thus, we further hold that the trial court erred in granting appellee's motion for summary judgment, denying appellants' motion for summary judgment, and entering a declaratory judgment that appellants implement the additional provisions contained in the petition. Therefore, we sustain appellants' second and third issues. In light of our decision as to issues two and three, we need not address appellants' first or fourth issues. *See* Tex. R. App. P. 47.1; *Nat'l Sports & Spirit, Inc. v. Univ. of N. Tex.,* 117 S.W.3d 76, 84 (Tex. App.—Fort Worth 2003, no pet.).

## Attorney's Fees

In their fifth issue, appellants claim that the trial court erred by awarding attorney's fees to appellee. Because we have determined that the trial court erred by rendering a declaratory judgment for appellee, we reverse the trial court's award of trial and appellate attorney's fees to appellee and remand this

---

*McAllen*, 841 S.W.2d 957 (Tex. App.—Corpus Christi 1992, no writ), and *In re Balsamo*, No. 09-99-00442-CV, 1999 WL 777693 (Tex. App.—Beaumont Sept. 24, 1999, no pet.) (not designated for publication), for the proposition that appellants were required to submit the entire petition on the ballot and had no discretion to limit what appeared on the ballot. But these cases involve county commissioners' and cities' refusing to call elections on petitions based upon determinations by the commissioners and cities that the petitions contained invalid items. *Link*, 45 S.W.3d at 151; *Arenas*, 841 S.W.2d at 958–59; *Balsamo*, 1999 WL 777693, at *1. Here, appellants agreed to hold an election on the petition; appellee failed to bring a pre-election petition for writ of mandamus challenging the form of the ballot to be submitted to the voters. Thus, the cases cited by appellee are distinguishable.

22

issue to the trial court to reconsider the parties' claims for attorney's fees.[5]

*See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997); *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005); *Ayers v. Mitchell*, 167 S.W.3d 924, 932 (Tex. App.—Texarkana 2005, no pet.).

## Conclusion

Having sustained appellants' two dispositive issues, we reverse the summary judgment in favor of appellee and render summary judgment in favor of appellants. We reverse the award of attorney's fees to appellee and remand that issue to the trial court to reconsider the parties' claims for attorney's fees.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: October 2, 2008

---

[5] Whether to award attorney's fees, and in what amount, is a discretionary matter for the trial court, with few restrictions. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *NP Anderson Cotton Exch., L.P. v. Potter*, 230 S.W.3d 457, 466 (Tex. App.—Fort Worth 2007, no pet.). Under the Texas Declaratory Judgment Act, a court "may award attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997); *NP Anderson,* 230 S.W.3d at 466.

23

Exhibit "A"

PETITION

A Petition to Increase Salaries of
Members of the Wichita
County Sheriff's
Department Pursuant to
Section 152.072 of the
Texas Local Government Code

TO THE COMMISSIONERS COURT OF WICHITA COUNTY, TEXAS:

The qualified voters of Wichita County, Texas, whose signatures appear below, petition you to increase the minimum salary of each member of the Wichita County Sheriff's Department as follows:

A. The Proposed minimum annual salary of each member of the Sheriff's Department shall be:

| | Start Pay | Step 1 1st Anniversary | Step 2 2nd Anniversary | Step 3 3rd Anniversary | Step 4 4th Anniversary | Step 5 5th Anniversary | Step 6 6th Anniversary |
|---|---|---|---|---|---|---|---|
| Chief Deputy | $40,320.00 | $41,731.20 | $43,191.84 | $44,703.48 | $46,268.16 | $47,887.56 | $49,563.60 |
| Captain | $36,000.00 | $37,260.00 | $38,564.10 | $39,913.84 | $41,310.83 | $42,756.71 | $44,253.19 |
| Lieutenant | $33,408.00 | $34,577.28 | $35,787.48 | $37,040.04 | $38,336.45 | $39,678.22 | $41,066.96 |
| Patrol Sergeant | $30,792.00 | $31,869.72 | $32,985.16 | $34,139.64 | $35,334.53 | $36,571.24 | $37,851.23 |
| Patrol Corporal | $28,500.00 | $29,497.50 | $30,529.91 | $31,598.46 | $32,704.40 | $33,849.06 | $35,033.78 |
| Deputy | $26,700.00 | $27,634.50 | $28,601.71 | $29,602.77 | $30,638.87 | $31,711.22 | $32,821.11 |
| Jail Sergeant | $29,233.16 | $30,256.32 | $31,315.29 | $32,411.33 | $33,545.72 | $34,719.82 | $35,935.01 |
| Jail Corporal | $25,475.00 | $26,366.63 | $27,289.47 | $28,244.60 | $29,233.16 | $30,256.32 | $31,315.29 |
| Jailer | $22,200.00 | $23,340.00 | $24,480.00 | $25,620.00 | $26,760.00 | $27,900.00 | $29,040.00 |

1

24